15 CV 3383

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULINA KORENBLUM, FREDY GIRON, and KENNETH M. WEBB, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| CITIGROUP, INC. | ) ) ) |
| Defendant. | ) ) ) |

Case No. _____

COLLECTIVE ACTION
COMPLAINT

JURY TRIAL DEMANDED

JUDGE FURMAN

APR 29 2015
U.S.D.C. S.D.N.Y.

## COLLECTIVE ACTION COMPLAINT

Paulina Korenblum, Fredy Giron, and Kenneth M. Webb ("Plaintiffs"), individually and behalf of all others similarly situated, by and through their undersigned counsel, hereby make the following allegations against Citigroup, Inc. ("Citi" or "Defendant") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel:

### NATURE OF ACTION

1.      Plaintiffs, former information technology ("IT") workers who were classified as exempt from the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), bring this action on behalf of themselves and other similarly-situated current and former technology workers in similar positions regardless of their precise titles who were hired by Defendant through staffing agencies.

2.      Plaintiffs contend that Defendant violated the FLSA by knowingly requiring, suffering or permitting them and other members of the putative FLSA Collective ("Collective Members") to work more than 40 hours per week without properly paying them overtime wages.

1

3. Defendant has employed Collective Members at its locations nationwide.

4. Pursuant to corporate policies formulated in whole or in part at Defendant's headquarters in New York, and applicable at Defendant's locations nationwide, Defendant has denied the Collective Members overtime premium compensation for hours worked over 40 in a workweek.

5. Pursuant to corporate policies formulated in whole or part at Defendant's headquarters in New York, and applicable at Defendant's locations nationwide, Defendant has encouraged and required the Collective Members to work more than 40 hours per workweek without compensating them for all hours worked.

6. By the conduct described in this Collective Action Complaint, Defendant has willfully violated the FLSA by failing to pay its Collective Members as required by law.

7. Plaintiffs seek to recover unpaid wages that Defendant owes them and similarly situated current and former IT workers. They bring this action under the FLSA 29 U.S.C. §§ 201 *et. seq.*, on behalf of themselves and all similarly situated current and former IT workers who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This court has jurisdiction of this action under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction"), under 28 U.S.C. §1331 (federal question jurisdiction) because Plaintiffs plead a claim under the FLSA, under 28 U.S.C. §1332(a)(1), because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and the Parties are residents of different states, and

2

under 28 U.S.C. §1332(d)(2) because the amount in controversy exceeds $5,000,000.00 and the Parties are residents of different states.

9.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.  Venue is appropriate in this District under 28 U.S.C. §1391(b), because Citi resides in this District and does business within this District.

## PARTIES

*Plaintiffs*

11.  Paulina Korenblum is an adult citizen of the State of New Jersey, who worked for Citi from October 2010 through June 2014.

12.  Fredy Giron is an adult citizen of the State of Texas, who worked for Citi from 2011 through June 2013.

13.  Kenneth Webb is an adult citizen of the State of Ohio, who worked for Citi from June 2011 to the present date.

14.  Within the past three years, Korenblum, Giron, and Webb have worked as hourly paid IT "employees" for Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1).

15.  Korenblum, Giron, and Webb were hired to work for Citi, classified as W-2 employees and paid by The Judge Group ("Judge"), a staffing agency.

16.  Korenblum, Giron, and Webb were misclassified as exempt and subjected to Defendant's "Professional" pay plan.  Pursuant to this pay plan, Korenblum, Giron, and Webb were paid a straight hourly rate for all hours worked up to 40 per week.  Although they regularly worked more than 40 hours per week, Korenblum, Giron and Webb were not paid anything for certain hours they worked beyond 40 per week.

17. Throughout their work with Citi, Korenblum, Giron, and Webb routinely worked approximately 40 to 50 hours per week.

18. Korenblum, Giron, and Webb were assigned to work exclusively for Citi, where they reported directly to a Citi manager.

19. Citi supervised and controlled Korenblum, Giron, and Webb's work schedule.

20. For example, Citi assigned Korenblum, Giron, and Webb the tasks that they performed and determined the hours that they worked.

21. Citi required Korenblum, Giron, and Webb to follow its rules, policies and directives, including its timekeeping policies.

22. Citi maintained employment records for Korenblum, Giron, and Webb.

23. Citi had the power to fire Korenblum, Giron, and Webb.

24. At Citi's instruction, and with its knowledge, Korenblum, Giron, and Webb worked more than 40 hours per week, without receiving any pay for certain hours worked beyond 40 a week.

25. Citi provided Korenblum, Giron, and Webb with a Citi badge and Citi work e-mail address. Korenblum's work e-mail address was paulina.korenblum@citi.com. Giron's work e-mail address was fredy.l.giron@citi.com. Webb's work e-mail address was Kenneth.webb@citi.com. Citi required Korenblum, Giron, and Webb to use Citi computer hardware and software to perform their work.

26. Citi trained Korenblum, Giron, and Webb to perform their jobs and to use the equipment and programs it involved. For example, when Citi introduced a new software program, it trained Plaintiffs on how to use it.

4

27. Korenblum, Giron, and Webb performed discrete jobs that were integral to Citi's business.

28. Written consent forms for Korenblum, Giron, and Webb are attached as Exhibit A.

*Defendant*

29. Citi is a Delaware corporation with its headquarters located in New York, New York. Citi provides services to customers throughout this District and nationwide. Throughout the relevant period, Citi was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d), and was actively engaged in the conduct described herein. Throughout the relevant period, Citi employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

30. Citi is a covered employer within the meaning of the FLSA. At all times relevant, Citi – and staffing agencies like Judge – jointly employed Plaintiffs and the Collective Members within the meaning of the FLSA.

31. Citi promulgated, controlled and oversaw all of the scheduling and timekeeping systems and practices applicable to Plaintiff and the Collective Members and applied the same systems and practices to Plaintiffs and all of the Collective Members.

32. Citi exerted the same formal and functional control over all hourly paid IT workers it classified as "contractors" that it exerted over Plaintiffs.

33. At all times relevant, Citi's annual gross volume of sales made or business done was more than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs bring this collective action under 29 U.S.C. §216(b) to recover unpaid overtime wages, liquidated damages and other damages on behalf of the following group:

5

All hourly-paid IT employees at Citi who, during the maximum limitations period, were classified as contractors, paid on a "Professional" pay plan and performed overtime work without receiving all wages owed for such work.

35. Plaintiffs are Collective Members, because they were hourly-paid IT employees at Citi who, during the maximum limitations period, were classified as contractors, paid on a "Professional" pay plan and performed overtime work without receiving all wages owed for such work.

36. Although Plaintiffs and the Collective Members may have had different job titles, been hired by different staffing agencies and/or worked in different Citi offices during the relevant period, this action may be properly maintained as a collective action because:

    a. Defendants' unlawful conduct has been widespread, repeated, and consistent;

    b. Plaintiffs and Collective Members were hired by outside staffing agencies and assigned to work for and at Citi;

    c. Citi required Plaintiffs and Collective Members to follow its company policies, practices and directives;

    d. Plaintiffs and Collective Members were all misclassified as exempt from the FLSA;

    e. Plaintiffs and Collective Members, by definition, were all hourly paid employees;

    f. Plaintiffs were subjected to a Professional pay plan;

    g. Plaintiffs and the Collective Members, by definition, all worked in excess of 40 hours per week;

    h. Defendant required, suffered or permitted Plaintiffs and Collective members to work more than 40 hours per week without any pay;

    i. Regardless of their job title or location, Defendant did not pay Plaintiffs and the Collective Members, an hourly rate for certain time worked over 40 hours per week;

j. Regardless of their job title or location, Defendant did not pay Plaintiffs and the Collective Members, an overtime premium of 1½ times their regular hourly rate for time worked in excess of 40 hours per week;

k. Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and the Collective Members regardless of their job title or location;

l. Defendant failed to record all the time actually worked by Plaintiffs and Collective Members;

m. Defendant maintained badge swipe data, computer records and/or other data showing that Plaintiffs and Collective Members worked more than 40 hour per week without any pay; and

n. Defendant engaged in a common scheme of requiring, suffering or permitting Plaintiffs and Collective Members to work more than 40 hours per week without any pay.

37. Plaintiffs estimate that, including current and former employees over the relevant period, there will be well over 100 Collective Members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling and time records, and from input received from the Collective Members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

## CAUSE OF ACTION
## Violation of the FLSA

38. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

39. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce and the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

40. Plaintiffs and the Collective Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

41. The FLSA, at 29 U.S.C. § 203(a)(1), states that an employee must be paid an overtime rate, equal to at least 1½ times his or her regular rate of pay, for all hours worked in excess of 40 hours per week.

42. Throughout the relevant period, Defendant violated the FLSA by engaging in a common scheme to misclassify Plaintiff and the Collective Members as exempt from the FLSA's overtime pay requirement, even though they did not satisfy any test for exemption.

43. Throughout the relevant period, Defendant violated the FLSA by engaging in a common scheme to require, suffer, or permit Plaintiffs and the Collective Members to work more than 40 hours per week without paying them overtime wages for those hours.

44. Throughout the relevant period, Defendant violated the FLSA by failing to keep accurate, contemporaneous records of all the hours Plaintiffs and Collective Members actually worked each week. While, under the circumstances, Defendant's time records will not fully demonstrate Plaintiffs' overtime work, other evidence exists that will confirm the nature and extent of this work.

45. Plaintiffs and the Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct, because they have been deprived of wages owed for time they actually worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

46. Defendant's violations of the FLSA have been willful and intentional. Defendant did not make a good faith effort to comply with the FLSA by engaging in conduct that included: misclassifying the Collective Members as exempt from the FLSA's overtime requirements despite knowing they did not meet any test for exemption; failing to maintain accurate, contemporaneous records of the Collective Members' actual hours worked; failing to prevent the

Collective Members from performing overtime work for which Defendant did not intend to provide any compensation; and failing to pay the Collective Members overtime premium wages for their overtime work despite having access to abundant evidence (including computer log-ins, work files and metadata) clearly demonstrating that they were performing significant unpaid overtime work.

47. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

48. As a result of Defendant's unlawful acts, Plaintiffs and the Collective Members have been deprived of compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for an Order:

a. Requiring Defendant to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and e-mail addresses of all hourly-paid IT employees at Citi who, during the maximum limitations period, were classified as contractors, paid on a "Professional" pay plan and performed overtime work without receiving all wages owed for such work.

b. Authorizing Plaintiffs' counsel to issue a notice informing the Collective Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c. Finding that Defendant willfully violated the applicable overtime provisions of the FLSA by failing to pay all required wages to Plaintiff and the Collective Members;

d. Granting judgment in favor of Plaintiffs and the Collective Members on their FLSA claims;

e. Awarding compensatory damages to Plaintiffs and the Collective Members in an amount to be determined;

f. Awarding the full amount of liquidated damages allowed by the FLSA to Plaintiffs and the Collective Members;

g. Awarding pre-judgment and post-judgment interest to Plaintiff and the Collective Members;

h. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

i. Awarding reasonable incentive awards to compensate Plaintiffs for the time and effort spent protecting the interest of other Collective Members and offset the risks they accepted by initiating this lawsuit;

j. Enjoining Defendant from continuing the unlawful practices described in this Complaint;

k. Awarding any further relief the Court deems just and equitable; and

l. Granting leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: April 30, 2015

OUTTEN & GOLDEN
Adam T. Klein
Molly A. Brooks
Christopher M. McNerney
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000
atk@outtengolden.com

Ryan F. Stephan (*pro hac vice* motion forthcoming)
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601

(312) 233 1550
rstephan@stephanzouras.com

David J. Cohen (*pro hac vice* motion forthcoming)
KOLMAN ELY, P.C.
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
dcohen@kolmanlaw.net

*Counsel for Plaintiffs and the putative Collective Members*

# Exhibit A

# CONSENT TO BECOME A PARTY PLAINTIFF

Complete and Mail, Fax or E-mail to:

**STEPHAN ZOURAS, LLP**
ATTN: Citigroup Unpaid Wage Action
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
Phone: (312) 233 1550 / Fax: (312) 233-1560
lawyers@stephanzouras.com

By signing below, I consent to join this lawsuit seeking unpaid overtime wages for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*

I hereby designate the law firms of STEPHAN ZOURAS, LLP, OUTTEN & GOLDEN LLP and KOLMAN ELY, P.C. (Plaintiffs' counsel) to represent me for all purposes of this action. I agree to be bound by any adjudication of this action by a court, whether favorable or unfavorable. I understand that reasonable costs expended by Plaintiffs' counsel on my behalf will be deducted from any settlement or judgment amount on a *pro rata* basis among all other Plaintiffs. I understand that Plaintiffs' counsel will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) one-third of the gross settlement or judgment amount.

I also designate the Class Representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_APRIL 20, 2015_
Date

_[Signature]_
Signature

_PAULINA KORENBLUM_
Print Name

**\*Statute of limitations concerns mandate that you return
this form as soon as possible to preserve your rights.**

## CONSENT TO BECOME A PARTY PLAINTIFF

Complete and Mail, Fax or E-mail to:

**STEPHAN ZOURAS, LLP**
ATTN: Citigroup Unpaid Wage Action
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
Phone: (312) 233 1550 / Fax: (312) 233-1560
lawyers@stephanzouras.com

By signing below, I consent to join this lawsuit seeking unpaid overtime wages for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*

I hereby designate the law firms of STEPHAN ZOURAS, LLP, OUTTEN & GOLDEN LLP and KOLMAN ELY, P.C. (Plaintiffs' counsel) to represent me for all purposes of this action. I agree to be bound by any adjudication of this action by a court, whether favorable or unfavorable. I understand that reasonable costs expended by Plaintiffs' counsel on my behalf will be deducted from any settlement or judgment amount on a *pro rata* basis among all other Plaintiffs. I understand that Plaintiffs' counsel will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) one-third of the gross settlement or judgment amount.

I also designate the Class Representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

__04/21/2015__    __[signature]__
Date                          Signature

__Fredy Giron__
Print Name

**\*Statute of limitations concerns mandate that you return
this form as soon as possible to preserve your rights.**

## CONSENT TO BECOME A PARTY PLAINTIFF

Complete and Mail, Fax or E-mail to:

**STEPHAN ZOURAS, LLP**
**ATTN: Citigroup Unpaid Wage Action**
**205 North Michigan Avenue, Suite 2560**
**Chicago, IL 60601**
**Phone: (312) 233 1550 / Fax: (312) 233-1560**
**lawyers@stephanzouras.com**

By signing below, I consent to join this lawsuit seeking unpaid overtime wages for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*

I hereby designate the law firms of STEPHAN ZOURAS, LLP, OUTTEN & GOLDEN LLP and KOLMAN ELY, P.C. (Plaintiffs' counsel) to represent me for all purposes of this action. I agree to be bound by any adjudication of this action by a court, whether favorable or unfavorable. I understand that reasonable costs expended by Plaintiffs' counsel on my behalf will be deducted from any settlement or judgment amount on a *pro rata* basis among all other Plaintiffs. I understand that Plaintiffs' counsel will petition the Court to award them attorneys' fees from any settlement or judgment in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) one-third of the gross settlement or judgment amount.

I also designate the Class Representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_4/20/2015_
Date

_[signature]_
Signature

_Kenneth M. Webb Jr._
Print Name

**\*Statute of limitations concerns mandate that you return this form as soon as possible to preserve your rights.**