**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
PAULINA KORENBLUM, FREDY　　　　　 :
GIRON, and KENNETH M. WEBB,　　　　 :
on behalf of themselves and all others　　 :
similarly situated,　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :　　　Case No. 15-cv-3383-JMF
　　　　　　　　　　　Plaintiffs,　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　v.　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
CITIGROUP, INC.,　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　Defendant.　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

MORGAN, LEWIS & BOCKIUS LLP
Sam S. Shaulson
101 Park Avenue
New York, NY  10178-0060
212.309.6718
212.309.6001 (fax)
sshaulson@morganlewis.com

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103
215.963.5305
215.963.5001 (fax)
mpuma@morganlewis.com

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 4

    A.      The *Jones* Action .................................................................................... 4

    B.      The Current Action .................................................................................. 6

III.    ARGUMENT ...................................................................................................... 7

    A.      Standard of Review ................................................................................. 7

    B.      Plaintiffs' Claims Should Be Dismissed Because They Are Barred By
        *Res  Judicata* ........................................................................................... 8

        1.      There Was A Final Judgment On The Merits In *Jones* ............................. 9

        2.      Plaintiffs' Claims Against Citi Could Have Been Asserted in *Jones* ...... 10

        3.      Plaintiffs Were Opt-In Plaintiffs In Jones and Citi Is In Privity
                With Judge Because, Accepting Plaintiffs' Allegations As True,
                Citi and Judge Have a Sufficiently Close Relationship ........................... 15

IV.     CONCLUSION ................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*7 W. 57th St. Realty Co. v. Citigroup, Inc.*,
   No. 13-0981, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015)............................................15, 16

*Adams v. IBM Pers. Pension Plan*,
   No. 07-6984, 2008 WL 344699 (S.D.N.Y. Feb. 5, 2008)......................................................16

*Airframe Sys., Inc. v. Raytheon Co.*,
   601 F.3d ...................................................................................................................14, 17, 18

*Akhenaten v. Najee, LLC*,
   544 F. Supp. 2d 320 (S.D.N.Y. 2008)....................................................................................7

*Amadsau v. Bronx Lebanon Hosp. Ctr.*,
   No. 03-6450, 2005 WL 121746 (S.D.N.Y. Jan. 21, 2005) ....................................................16

*Amalgamated Sugar Co. v. NL Indus., Inc.*,
   825 F.2d 634 (2d Cir. 1987)..................................................................................................15

*AmBase Corp. v. City Investing Co. Liquidating Trust*,
   326 F.3d 63 (2d Cir. 2003)......................................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................................7

*Beras v. Carvlin*,
   313 F. App'x 353 (2d Cir. 2008) ...........................................................................................16

*Bey v. City of New York*,
   No. 01-8906, 2010 WL 3910231 (S.D.N.Y. Sept. 21, 2010) .................................................14

*Bruszewski v. United States*,
   181 F.2d 419 (3d Cir. 1950)..................................................................................................17

*Burberry Ltd. v. Horowitz*,
   534 F. App'x 41 (2d Cir. 2013) .........................................................................................8, 11

*Burberry Ltd. v. Horowitz*,
  No. 12-1219, 2012 WL 5904808 (S.D.N.Y. Nov. 26, 2012)
  *aff'd*, 534 F. App'x 41 (2d Cir. 2013)....................................................................................11

*Cancilla v. Ecolab Inc.*,
  No. 12-03001, 2014 WL 2943237 (N.D. Cal. June 30, 2014).......................................9, 12, 13

*Cardona v. Cmty. Access, Inc.*,
  No. 11-4129, 2013 WL 304519 (E.D.N.Y. Jan. 25, 2013).......................................................9

*Clark v. Kitt*,
  No. 12-8061, 2014 WL 4054284 (S.D.N.Y. Aug. 15, 2014)....................................................4

*Dover Ltd. v. Assemi*,
  No. 08-1337, 2009 WL 2870645 (S.D.N.Y. Aug. 5, 2009).....................................................10

*EDP Med. Computer Sys., Inc. v. United States*,
  480 F.3d 621 (2d Cir. 2007).....................................................................................................8

*Feitshans v. Kahn*,
  No. 06-2125, 2006 WL 2714706 (S.D.N.Y. Sept. 21, 2006) ...................................................7

*Fonseca v. Columbia Gas Sys., Inc.*,
  37 F. Supp. 2d 214 (W.D.N.Y. 1998) ................................................................................16, 17

*Gonzalez v. City of New York*,
  396 F. Supp. 2d 411 (S.D.N.Y. 2005)......................................................................................9

*Henry v. City of New York*,
  No. 05-6023, 2007 WL 1062519 (E.D.N.Y. Mar. 30, 2007)...................................................4

*In re Teltronics Servs., Inc.*,
  762 F.2d 185 (2d Cir. 1985)...............................................................................................16, 17

*Jones v. The Judge Technical Services, Inc.*,
  2:11-cv-06910-MSG (E.D. Pa.) ...................................................................................... passim

*Leptha Enters., Inc. v. Longenback*,
  No. 90-7704, 1991 WL 183373 (S.D.N.Y. Sept. 9, 1991) ...............................................17, 18

*Mahmood v. Research in Motion Ltd.*,
  905 F. Supp. 2d 498 (S.D.N.Y. 2012),
  *aff'd*, 515 F. App'x 891 (Fed. Cir. 2013).........................................................................11, 13

*Melwani v. Jain*,
  No. 02-1224, 2004 WL 1900356 (S.D.N.Y. Aug. 24, 2004)..................................................16

ii

*Monahan v. New York City Dep't of Corr.*,
  214 F.3d 275 (2d Cir. 2000)............................................................................9

*Official Publ'ns, Inc. v. Kable News Co.*,
  811 F. Supp. 143 (S.D.N.Y. 1993) ...........................................................13, 17

*Prickett v. DeKalb County*,
  349 F.3d 1294 (11th Cir. 2003) ....................................................................15

*Russell v. SunAmerica Secs., Inc.*,
  962 F.2d 1169 (5th Cir. 1992) .........................................................................8

*Samuels v. Dalsheim*,
  No. 81-7050, 1995 WL 1081308 (S.D.N.Y. Aug. 22, 1995)...........................14

*Somerville House Mgmt., Ltd. v. Arts & Entm't Television Network*,
  No. 92-4705, 1993 WL 138736 (S.D.N.Y. Apr. 28, 1993) ............................17

*TechnoMarine S.A. v. Giftports, Inc.*,
  No. 11-9643, 2012 WL 3964734 (S.D.N.Y. Sept. 10, 2012),
  *aff'd sub nom.* 758 F.3d 493 (2d Cir. 2014)...................................................9

*Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*,
  757 F. Supp. 2d 218 (E.D.N.Y. 2010) .............................................................8

*Waldman v. Vill. of Kiryas Joel*,
  39 F. Supp. 2d 370 (S.D.N.Y. 1999)....................................................9, 10, 18

*Whitfield v. Carew*,
  No. 89-0426, 1990 WL 72621 (E.D.N.Y. May 15, 1990)................................9

**STATUTES**

ERISA ......................................................................................................................16

FLSA................................................................................................................ passim

RICO ......................................................................................................................16

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)...........................................................................................4, 7

iii

## I.      INTRODUCTION

This action should be dismissed because Plaintiffs' claims are barred by the doctrine of *res judicata*.  *Res judicata*, also referred to as claim preclusion, is designed to protect a party and its privies from the unnecessary burden of relitigating claims that were asserted or *could have been asserted* in a prior action.  The doctrine serves to prevent a plaintiff from splitting claims and promotes judicial economy by preventing duplicative litigation.

Here, Plaintiffs Paulina Korenblum ("Korenblum"), Fredy Giron ("Giron") and Kenneth M. Webb ("Webb") (collectively, "Plaintiffs") attempt to circumvent these bedrock principles of claim preclusion by seeking a *second recovery* in a *second action* against Defendant Citigroup Inc. ("Citi") as a purported "joint employer" *based on the same wage claims*, and for *the same hours worked under the same pay plan*, for which Plaintiffs already obtained significant monetary relief through a judicially-approved settlement *in a prior action* against their actual employer, Judge Technical Services, Inc. ("Judge").  In fact, given that Judge is contractually obligated to fully indemnify Citi for the fees and any resulting settlement or judgment in this action, what Plaintiffs really are pursuing in this action is a duplicative recovery from Judge.

Plaintiffs were party-plaintiffs in *Jones* and made the exact same allegations they make here, *i.e.*, that they are owed overtime compensation for work they performed during the time they were assigned by Judge to perform services for Citi and paid by Judge for those services pursuant to a professional pay plan.  Plaintiffs were represented by the same class counsel in *Jones* that represent them here, Kolman Ely, P.C. and Stephan Zouras LLP.  The *Jones* plaintiffs sought and received third-party discovery from Citi, and threatened to join Citi as a party in *Jones*, but ultimately they decided not to name Citi as a defendant.  In other words, they were

well aware throughout the *Jones* litigation that Citi was a potential defendant for their claims and yet they chose not to name Citi at the outset or to ever seek leave to amend to add Citi as a party. Rather, they reached a final settlement and dismissal with Judge and now seek double recovery against Citi for the same claims.  Citi moves to dismiss Plaintiffs' claims on the grounds that the *Jones* settlement precludes them from bringing identical claims against Citi.

The Second Circuit relies on a three factor test in determining whether to dismiss a claim on the basis of *res judicata*.  Under this analysis, claim preclusion is appropriate where (1) the prior action resulted in a final judgment on the merits; (2) the claims asserted in the subsequent action were, or could have been, raised in the prior action; and (3) the prior action involved the same parties or their privies.  With respect to privity, the Second Circuit has repeatedly made clear that the concept should be applied flexibly.  Thus, a defendant – such as Citi here – who was not a named defendant in the prior action can establish privity if the defendant has a sufficiently close relationship with a named defendant in the prior action.  This flexible approach supports an important principle of claim preclusion – that plaintiffs are barred from using successive actions to seek damages arising out of the same facts from multiple defendants that could have all been named in the first action.

Here, each element of the *res judicata* test is met.  First, *Jones* resulted in a court-approved settlement after extensive litigation, and it is well-established that a settlement is a "final judgment on the merits" for *res judicata* purposes.  Second, this action involves the same facts asserted in *Jones* – namely, that Plaintiffs and the same purported class are entitled to alleged unpaid overtime for work performed during the time they were staffed by Judge to perform services for Citi and paid by Judge pursuant to a professional pay plan.  Moreover, Citi's

2

role in Plaintiffs' allegations and Citi's perceived liability as a joint employer for the same wage claims asserted in *Jones* were known to Plaintiffs during the *Jones* action.  Plaintiffs sought data and documents from Citi during the Jones case and specifically threatened to name Citi as a defendant in that action.  In sum, Plaintiffs' claims against Citi *should have been asserted* in *Jones* by adding Citi as a defendant if claims against Citi were going to be asserted at all.  Third, and finally, *Jones* involved the same parties or their privies.  There can be no dispute that Plaintiffs were opt-in plaintiffs in *Jones*.  Further, applying the Second Circuit's flexible approach to privity, Judge and Citi have a "sufficiently close relationship" because Plaintiffs allege Judge and Citi are "joint employers" with respect to their wage claims and, moreover, the contractual staffing relationship between Judge and Citi is the basis for Plaintiffs' wage claims and joint employment allegations.

By ordering dismissal of Plaintiffs' claims, the Court will in no way deprive Plaintiffs of their day in court; it will merely prevent them from having a second.  Plaintiffs were well aware of their claims against Citi during the pendency of the *Jones* action.  They were placed at Citi, they sought third-party discovery against Citi in *Jones*, and they made allegations against Citi in *Jones*.  Plaintiffs deliberately chose not to add Citi as a defendant in *Jones*.  Permitting plaintiffs to re-prosecute the same claims they settled in *Jones* would allow them to end-run the court-approved collective action settlement in *Jones* and obtain a second recovery for the same claims.

For these reasons, and as described further herein, Citi moves this Court for an order dismissing Plaintiffs' Complaint.

## II.    FACTUAL BACKGROUND[1]

Korenblum and Giron are former employees of Judge, and Webb is a current employee of Judge, a non-party staffing agency that provides staffing services to customers throughout the country.  Compl., Dkt. No. 1, ¶¶ 11-13, 15.  Plaintiffs were assigned by Judge to perform information technology ("IT") services for Citi.  Compl. ¶¶ 1, 15.  Judge paid Plaintiffs during the time they were staffed at Citi pursuant to a "Professional" pay plan.  Compl. ¶¶ 15, 16. Plaintiffs claim that they were misclassified as exempt from overtime and thus seek to hold Citi responsible as a "joint employer" with Judge for alleged unpaid overtime compensation under the Fair Labor Standard Act ("FLSA") for the work Plaintiffs performed.  Compl. ¶¶ 16, 30.

Plaintiffs settled these exact same FLSA claims (i.e., that they were misclassified as exempt and denied overtime wages while paid by Judge pursuant to the professional pay plan) in a prior action against Judge in the Eastern District of Pennsylvania, *Jones v. The Judge Technical Services, Inc.*, 2:11-cv-06910-MSG (E.D. Pa.) (hereinafter, "the *Jones* action" or "*Jones*"), a case in which plaintiffs chose not to add Citi as a party.

### A.    The *Jones* Action

The *Jones* action involved the same allegations at issue here.  Specifically, the *Jones* plaintiffs, in an action initiated in November 2011, claimed that they and other allegedly similarly situated employees of Judge who were assigned by Judge to perform services for Citi

---

[1]    While typically confined to the facts within the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the court may also consider "prior pleadings, orders, judgments, and other items appearing in the court records of prior litigation that are related to the case before the Court" without converting a motion to dismiss to a motion for summary judgment.  *See Clark v. Kitt*, No. 12-8061, 2014 WL 4054284, at *8 (S.D.N.Y. Aug. 15, 2014) *citing AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72-73 (2d Cir. 2003).  Included within the category of prior pleadings are Stipulations of Settlement. *Henry v. City of New York*, No. 05-6023, 2007 WL 1062519, at *2 (E.D.N.Y. Mar. 30, 2007).

and who were paid on a "Professional" pay plan were misclassified as exempt under the FLSA and, therefore, were not compensated for all hours worked.  *See* Jones Compl. ¶¶ 1, 15, Ex. 1 to the Declaration of Michael J. Puma (hereinafter "Puma Decl.").  Like Plaintiffs here, in *Jones*, Plaintiffs were represented by attorneys from the law firms of Kolman Ely, P.C. and Stephan Zouras, LLP.  *Id.*  Throughout the *Jones* matter, the *Jones* plaintiffs repeatedly asserted that Citi was involved in their wage claims and wage payment decisions, including as early as December 16, 2011.  *See, e.g.*, Ex. 2 to Puma Decl., *Jones* First Amended Compl. ¶ 5 (alleging plaintiff worked for Judge "and its client, Citigroup"); Ex. 3 Puma Decl., Plaintiffs' Statement of Uncontested Facts, Nos. 18, 19, 20, 23, 27, 28, 29, 33, 34 (alleging, *inter alia*, that "Citigroup dictated to Judge that Plaintiff Jones would be paid pursuant to the Professional Day Pay Plan," and that "Judge billed Citi for time reported by Plaintiff Jones").  Despite amending the *Jones* complaint on four occasions, at no time did plaintiffs add Citi as a defendant in *Jones*.  *See* Ex. 4 Puma Decl., *Jones* Fourth Amended Compl.

On October 25, 2013, the *Jones* court granted conditional certification on behalf of a putative collection action of all current/former workers employed by Judge who worked under the professional pay plan and worked in excess of 40 hours per week during the applicable statute of limitations.  *See* Ex. 5 Puma Decl., Memorandum Opinion at p. 22.  Plaintiffs Korenblum, Giron and Webb filed consent forms and, therefore, affirmatively decided to become opt-in plaintiffs in *Jones* on November 27, 2013, December 9, 2013 and January 26, 2012, respectively.  *See* Exs. 6-8 Puma Decl., Opt-In Forms.  In doing so, they designated the law firms of Kolman Ely, P.C., Siprut P.C. and Stephan Zouras, LLP as their counsel and designated the

class representative, Morgan Jones, as their agent and authorized her to make decisions on their behalf with respect to all "matters pertaining to [the] lawsuit" including settlement.  *Id.*

On December 15, 2014, after three years of litigation, Judge Goldberg approved the parties' Stipulation of Settlement in *Jones*, which incorporated by reference the parties' Settlement Agreement, and entered an Order of Dismissal.  *See* Ex. 9 Puma Decl., Stipulation of Settlement and Proposed Order of Dismissal.  The Stipulation of Settlement stated, in part, that:

> Plaintiffs and Judge mutually desire to settle fully and finally the Lawsuit and any and all claims and disputes between Plaintiffs and Judge with respect to any wage-and-hour related matters, as well as any and all employment related matters between Jones and Defendant.

*Id*. at p.1.  As party-plaintiffs in *Jones*, Plaintiffs received a considerable monetary settlement in exchange for a release of claims against Judge.

**B.      The Current Action**

On April 30, 2015, less than six months after the Eastern District of Pennsylvania approved the settlement and ordered dismissal in *Jones*, Plaintiffs Korenblum, Giron, and Webb initiated this action.  Plaintiffs assert – just like they did in *Jones* – alleged violations of the FLSA for work they performed while assigned by Judge to perform services for Citi.  Compl. ¶ 2.  Plaintiffs claim they are entitled to unpaid overtime compensation and take issue with the manner in which they were paid under the "Professional" pay plan – the same plan at issue in *Jones*.  Compl. ¶ 16.  The only difference between *Jones* and this action is that in *Jones* Plaintiffs asserted and settled their claims directly with Judge, while now they seek to hold Citi liable as a purported "joint employer" for the same claims.  Compl. ¶ 30.

### III.    ARGUMENT

#### A.    Standard of Review

Citi makes the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of Plaintiffs' Complaint for failure to state a claim.  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Although courts afford a plaintiff every favorable inference, a "claim may still fail as a matter of law if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief, or if the claim is not legally feasible."  *See Feitshans v. Kahn*, No. 06-2125, 2006 WL 2714706, at *2 (S.D.N.Y. Sept. 21, 2006).

Here, the Complaint should be dismissed because Plaintiffs' claims are barred by the doctrine of *res judicata*.  *Res judicata* is properly raised on a motion to dismiss pursuant to Rule 12(b)(6) when its inquiry is limited to the complaint, documents attached or incorporated therein, and materials appropriate for judicial notice (such as documents filed on the docket in a prior action).  *See Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 327, n.9 (S.D.N.Y. 2008).  As further explained herein, the Complaint should be dismissed because all the elements of *res judicata* are met.

7

**B. Plaintiffs' Claims Should Be Dismissed Because They Are Barred By *Res Judicata*.**

Under the doctrine of *res judicata*, parties from a prior action are prevented from relitigating claims that were actually asserted **or could have been** asserted against a party or its privy. *Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc.*, 757 F. Supp. 2d 218, 224 (E.D.N.Y. 2010) (finding *res judicata* barred claims plaintiff could have asserted in prior litigation by adding defendant to the prior suit). "*Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007); *see also Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1175 (5th Cir. 1992) (holding that *res judicata* is designed to prevent a plaintiff from splitting claims when in the prior action the plaintiff had the opportunity to choose the original forum of the litigation, the claims that would be asserted, **and the parties they would be asserted against**). It is well established that claim preclusion bars a plaintiff from claim-splitting by using successive actions to seek relief arising out of the same factual allegations from defendants known to be in privity with one another. *Burberry Ltd. v. Horowitz*, 534 F. App'x 41, 43 (2d Cir. 2013).

Citi moves the Court for dismissal on the basis of *res judicata* to prevent Plaintiffs, who were opt-in plaintiffs in the *Jones* Action, from claim-splitting and attempting to recover a second time on claims they previously settled based on facts identical to those asserted in this action. The Second Circuit follows a three-part test to determine whether *res judicata* bars a subsequent action. Specifically, the Second Circuit considers whether (1) the prior action resulted in a final judgment on the merits; (2) the same causes of action were, or could have

8

been, asserted in the prior action; and (3) the prior action involved the same parties or their privies.  *See, e.g.*, *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).[2] All elements are met in this case.

### 1.    There Was A Final Judgment On The Merits In *Jones*.

*Jones* resulted in a court-approved settlement agreement and dismissal.  *See supra* at 6. A court approved settlement constitutes a final judgment on the merits for the purposes of *res judicata*.  *Gonzalez v. City of New York*, 396 F. Supp. 2d 411, 415 (S.D.N.Y. 2005); *see also Cancilla v. Ecolab Inc.*, No. 12-03001, 2014 WL 2943237, at *6 (N.D. Cal. June 30, 2014).  As such, courts routinely preclude claims where the prior judgment is a settlement agreement between the parties or their privies.  *See Cardona v. Cmty. Access, Inc.*, No. 11-4129, 2013 WL 304519, at *6 (E.D.N.Y. Jan. 25, 2013) (holding that "[a]ccording to the terms of the Settlement Agreement and under *res judicata*, Plaintiffs are precluded from litigating all claims that arise from the same set of facts that gave rise to the 2009 Litigation.").  To hold otherwise would undermine the finality of settlement agreements.  Accordingly, unless the parties expressly provide otherwise, a settlement agreement is considered a final judgment on the merits. *TechnoMarine S.A. v. Giftports, Inc.*, No. 11-9643, 2012 WL 3964734, at *3 (S.D.N.Y. Sept. 10, 2012), *aff'd sub nom.* 758 F.3d 493 (2d Cir. 2014); *Waldman v. Vill. of Kiryas Joel*, 39 F. Supp. 2d 370, 377 (S.D.N.Y. 1999).

---

[2]    Courts within the Second Circuit frequently articulate the *res judicata* analysis as a three-part test.  However, courts sometimes add on a fourth factor – whether the prior action was heard by a court of competent jurisdiction.  It is well-established that a federal court, such as the Eastern District of Pennsylvania, meets that standard.  *See Whitfield v. Carew*, No. 89-0426, 1990 WL 72621, at *1 (E.D.N.Y. May 15, 1990) (dismissing subsequent action on *res judicata* grounds based on prior judgment entered in Eastern District of Pennsylvania).  Thus, there should be no dispute that this factor, if relevant, has been met.

Here, Judge Goldberg approved the Stipulation of Settlement in *Jones* and entered an Order of Dismissal. *See supra* at 6.  That settlement constitutes a final judgment on the merits for all of the claims that were brought or could have been brought in the *Jones* Action.  *See Dover Ltd. v. Assemi*, No. 08-1337, 2009 WL 2870645, at *4 (S.D.N.Y. Aug. 5, 2009) (holding that the "doctrine of *res judicata* applies with equal force to a court order approving a stipulation of settlement as to a judgment on the merits entered after a trial or a dispositive motion.") (internal citations omitted).  As such, the first element of the *res judicata* test has been met.

### 2.    Plaintiffs' Claims Against Citi Could Have Been Asserted in *Jones*.

The precise claims Plaintiffs assert against Citi certainly could have been raised by Plaintiffs against Judge in *Jones*.  Plaintiffs' claims arise out of the ***same factual allegations***, are ***based on the same wage claims***, and are for ***the same hours worked under the same pay plan*** at issue in *Jones*.  Plaintiffs were well aware of Citi's involvement in their allegations during the *Jones* action, but they chose not to add Citi as a defendant.  There are no new allegations that have come to light since *Jones*.  Nor have Plaintiffs claimed that Citi participated in any intervening acts or omissions since the *Jones* action related to their claims.  To the contrary, Plaintiffs' make almost virtually identical allegations here as they did in *Jones*.  As such, claim preclusion is appropriate.

In considering whether claims in a subsequent action were or could have been asserted in a prior action, courts within the Second Circuit evaluate whether the prior action involved the same nucleus of operative facts as the subsequent action.  *Waldman*, 207 F.3d at 108.  This involves considering whether the facts in both actions overlap in time, space, origin or motivation.  *Id.*  The analysis boils down to a common-sense determination of whether the two actions are so related that they should have been litigated together.  Courts have found that two

10

cases involve the "same causes of action" where it appears a plaintiff is "attempting to relitigate identical issues by merely switching adversaries." *Burberry Ltd. v. Horowitz*, No. 12-1219, 2012 WL 5904808, at *4 (S.D.N.Y. Nov. 26, 2012) *aff'd*, 534 F. App'x 41 (2d Cir. 2013) (internal citations omitted). Thus, "[w]here the Complaint in a subsequent action is virtually identical to, and is predicated on exactly the same facts as, the complaint in the first action, the doctrine of *res judicata* will bar the second action." *Burberry*, 2012 WL 5904808, at *4 (dismissing complaint on *res judicata* grounds because the same plaintiff had brought a "virtually identical" litigation several years prior) (internal citations omitted); *see also Mahmood v. Research in Motion Ltd.*, 905 F. Supp. 2d 498, 504 (S.D.N.Y. 2012), *aff'd*, 515 F. App'x 891 (Fed. Cir. 2013) (A plaintiff who already litigated similar claims "will be barred under *res judicata* because the party already had one bite at the apple; not because the second bite would necessarily taste the same (or be decided the same way) as the first.") 905 F. Supp. 2d at 502 (internal citations omitted).

    Here, like in *Burberry*, it is undeniable that the claims and operative facts alleged in *Jones* are the same as those here. Even a cursory review of the factual allegations asserted in both actions reveals that they are "virtually identical":

| ***Jones* Action** | **This Action** |
|---|---|
| • Plaintiff was an employee of Judge staffed to Citi. *See* Ex. 4 Puma Decl., *Jones* Fourth Amended Compl. ¶ 5. | • Plaintiffs were employees of Judge staffed to Citi. *See* Compl. ¶ 11, 12, 13, 15. |
| • Citi is a client of Judge. *Id.* ¶ 5. | • Citi is a client of Judge. *Id.* ¶¶ 15, 17, 18. |
| • Plaintiff allegedly worked in excess of forty hours per week. *Id.* ¶¶ 1, 5, 9, 10, 11. | • Plaintiffs allegedly worked in excess of forty hours per week. *Id.* ¶¶ 2, 4, 5, 16, 36, 45. |

| | |
|---|---|
| • Plaintiff allegedly was not properly compensated for time worked over forty hours per week. *Id.* ¶¶ 1, 5, 9. | • Plaintiffs allegedly were not properly compensated for time they worked over forty hours per week. *Id.* ¶¶ 2, 16, 36, 45. |
| • Plaintiff was allegedly improperly misclassified under the FLSA. *Id.* ¶¶ 1, 2, 3, 7, 11. | • Plaintiffs were allegedly improperly misclassified under the FLSA. *Id.* ¶¶ 16, 36, 42. |
| • The employment arrangements described in the complaint allegedly violated the FLSA and entitled the plaintiffs to relief. *Id.* ¶¶ 13-21. | • The employment arrangements described in the complaint allegedly violated the FLSA and entitled the plaintiffs to relief. *Id.* ¶¶ 38-48. |
| • Plaintiff - staffed at Citi - worked pursuant to a "Professional Day" or "Professional Week" agreement. *See* Ex. 3, Puma Decl., Plaintiffs' Statement of Genuine Issues, Dkt. #81 at Nos. 3, 28. | • Plaintiffs were paid through a "Professional" pay plan. *Id.* ¶¶ 16, 34. |

In the context of wage and hour disputes, courts have found that separate causes of action related to the same manner and method in which an employee is paid overtime wages involve the same nucleus of facts for *res judicata* purposes. *See Cancilla*, 2014 WL 2943237. In *Cancilla*, two former employees brought claims against their former employer alleging that the company had engaged in a policy of failing to properly pay overtime wages. *Id.* The court granted the employer's motion for summary judgment of the former employees' state wage claims based on *res judicata,* explaining that the action pending before the court shared "the same nucleus of operative facts" as a prior action against the employer in which the plaintiffs were class members. *Id.* at *5. Specifically, both actions involved the same plaintiffs, seeking recovery for wage violations related to the same hours worked. *Id.* at *6. The court found that the claims in both actions involved "a cohesive narrative of an employee-employer relationship and failure to pay overtime wages." *Id.* at *5 (quotations and citation omitted). The court in *Cancilla* also considered the substantial overlap of evidence between the two suits, concluding that both

actions "rely on payroll and employment records, job activities, and the Defendant's overall practice of paying overtime." *Id*. at *6.  The court noted that allowing plaintiffs' claims to proceed would incentive a "piecemeal litigation" strategy. *Id*.; *see also Mahmood* , 905 F. Supp. 2d at 504 (finding *res judicata* applied where a prior action brought by the same plaintiff turned "largely the same evidence" and communications concerning the same information).

Here, similar to *Cancilla*, the current action involves the ***same plaintiffs***, seeking to recover on the ***same claims***, for the ***same hours*** worked under the ***same pay plan*** in which the plaintiffs were ***already paid*** through a settlement.  As a result, there is nearly identical overlap between the claims and evidence in *Jones* and the claims and evidence that the court will need to consider here.  Both actions rely on the same essential facts and evidence, which include: (1) the classification of Judge employees assigned to perform services at a Citi location and whether they are exempt under the FLSA; (2) the operation of the pay plan used for the Judge employees; (3) the amount of overtime hours the Judge employees allegedly worked; and (4) the amount of pay the Judge employees received for their work.  Accordingly, Plaintiffs' claims here involve the same nucleus of operative facts as in *Jones* sufficient to establish the second element of *res judicata*.

Moreover, Plaintiffs certainly ***could have*** raised their claims against Citi (Judge's privy, as established in Section III.B.3 below) in *Jones*.  Where, as here, plaintiffs knew or ***should have known*** about their claims arising from the same facts which could have been raised against an entity during a prior action, but they chose not include that entity as a defendant in the prior action, *res judicata* is particularly appropriate. *See Official Publ'ns, Inc. v. Kable News Co.*, 811 F. Supp. 143, 147 (S.D.N.Y. 1993) ("The doctrine of *res judicata* also bars litigation of the same

causes of action against defendants [with a sufficiently close relationship] who were known to plaintiff at the time the first action was filed but were not named . . . ."); *Samuels v. Dalsheim*, No. 81-7050, 1995 WL 1081308, at *13 (S.D.N.Y. Aug. 22, 1995) (holding *res judicata* appropriate in second action arising from the same set of operative facts in prior action where complaint in prior action "explicitly identified" defendants by name but not as a party); *see also Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d at 18 (dismissing claims in second action on *res judicata* grounds where plaintiff was "perfectly aware" of defendants involvement in allegations when it filed the prior suit).  In such a circumstance, dismissal of a later-filed complaint under the doctrine of *res judicata* serves the important purpose of "protecting litigants against gamesmanship and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation."  *Airframe Sys.*, 601 F.3d at 14; *see also Bey v. City of New York*, No. 01-8906, 2010 WL 3910231, at *6 (S.D.N.Y. Sept. 21, 2010) (dismissing claims that could have been raised in prior action and recognizing the "strong public policy in economizing the use of judicial resources by avoiding relitigation . . . .").

    Here, during the time they were litigating their claims in *Jones*, Plaintiffs and their counsel were well aware of facts supporting their current claims against Citi and could have asserted them in *Jones* by adding Citi as a defendant, but they made the strategic decision not to do so.  There are no subsequent acts, omissions or new evidence that Plaintiffs are relying on here that were not known by them in *Jones*.  Thus, like in *Official Publications*, *Samuels*, and *Airframe Systems*, Plaintiffs' Complaint should be dismissed.  Simply put, Plaintiffs should not be permitted to waste judicial resources through improper claims splitting.

3.     **Plaintiffs Were Opt-In Plaintiffs In** *Jones* **and Citi Is In Privity With Judge Because, Accepting Plaintiffs' Allegations As True, Citi and Judge Have a Sufficiently Close Relationship.**

The last element of *res judicata* is that the prior and current action must involve the same parties or their privies.  Here, Plaintiffs were opt-in plaintiffs in *Jones*.  *See supra* at 6.  They each signed consent forms affirmatively agreeing to become party-plaintiffs and to be bound by the settlement of FLSA claims in *Jones*.  Moreover, "opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *See, e.g.*, *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (footnote omitted).  Thus, there should be no dispute that Plaintiffs were parties in *Jones*.

Although Citi was not a named party in *Jones*, there is privity between Judge and Citi. There is no bright line rule for establishing privity, but the Second Circuit has instructed that privity should be "applied with flexibility."  *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640 (2d Cir. 1987).  Under this flexible approach, courts within the Second Circuit frequently find privity when a defendant that was not named in a prior action has a "sufficiently close relationship" with a named defendant in the prior action.  *See, e.g.*, *7 W. 57th St. Realty Co. v. Citigroup, Inc.*, No. 13-0981, 2015 WL 1514539, at *27 (S.D.N.Y. Mar. 31, 2015).

A defendant can establish a "sufficiently close relationship" in number of ways, including where there are allegations that the defendant was a co-conspirator with a named defendant in the prior action, ***or where the defendant has a contractual or business relationship with the named defendant*** relating to the causes of action at issue.  Here, there is a "sufficiently close relationship" between Judge and Citi due to Plaintiffs' allegations that Judge and Citi were "joint employers" responsible for their wage claims and also because of the contractual relationship between Citi and Judge that underlies their wage claims.

15

Courts within the Second Circuit have found privity in a wide variety of circumstances. *See, e.g.*, *Beras v. Carvlin*, 313 F. App'x 353, 355 (2d Cir. 2008) (finding privity between co-counsel for co-defendants in a prior action); *7 W. 57th St. Realty Co.*, 2015 WL 1514539, at *27 (finding privity between alleged co-conspirators in RICO claims); *Adams v. IBM Pers. Pension Plan*, No. 07-6984, 2008 WL 344699, at *2 (S.D.N.Y. Feb. 5, 2008) (finding pension plan and plan administrator to be in privity with corporate sponsor for alleged ERISA violations where plaintiff sought "to hold the present defendants liable for the same misconduct he alleged in the first action . . . ."); *Amadsau v. Bronx Lebanon Hosp. Ctr.*, No. 03-6450, 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005) (finding employees and institute "closely affiliated with" hospital had a "sufficiently close relationship" with hospital to be considered in privity with it); *Melwani v. Jain*, No. 02-1224, 2004 WL 1900356, at *3 (S.D.N.Y. Aug. 24, 2004) (finding sister companies that were "separate entities with distinct corporate boundaries and different businesses" to be in privity given the identity of interests and incentives between the two companies in "defending against the same claims based on the same alleged wrongdoing.").

As one example, within the Second Circuit, courts repeatedly find that allegations that two entities were "co-conspirators" are sufficient to establish privity between the two entities, regardless of any common ownership/management. *See, e.g.*, *In re Teltronics Servs., Inc.*, 762 F.2d 185, 192 (2d Cir. 1985) ("LM Ericsson TeleComm, Inc., was alleged to be a co-conspirator in the second Southern District action filed by Teltronics against the Ericsson defendants, and is entitled to the *res judicata* effect of that decision.") (footnote omitted); *Fonseca v. Columbia Gas Sys., Inc.*, 37 F. Supp. 2d 214, 228 (W.D.N.Y. 1998) ("I find that a sufficiently close relationship existed between the alleged co-conspirators to preclude plaintiff from proceeding against any of

16

them in this subsequent, separate action.") (footnote omitted); *Somerville House Mgmt., Ltd. v. Arts & Entm't Television Network*, No. 92-4705, 1993 WL 138736, at *2 (S.D.N.Y. Apr. 28, 1993) ("[A] number of courts have found that alleged co-conspirators can be considered 'in privity' with one another for *res judicata* purposes.") (*quoting Official Publ'ns, Inc.*, 811 F. Supp. at 147) (citations omitted).  Here, akin to an allegation of co-conspiracy, Plaintiffs allege that Judge and Citi were "joint employers" and, therefore, are jointly liable for the purported FLSA violations.  *See supra* at 6-7.  Just like in *Teltronics*, *Fonseca*, and *Somerville*, the Court should find privity between Judge and Citi.  Simply put, Plaintiffs cannot have it both ways. They cannot claim that Judge and Citi should be jointly liable for their alleged wage claims while at the same time claiming there is not a "sufficiently close relationship" between the two entities to establish privity.

  In addition to Plaintiffs' allegations of "joint employment," privity can also be established due to the contractual relationship between Judge and Citi.  Defendants that are separate corporate entities can establish the existence of a sufficiently close relationship for *res judicata* purposes when the successive defendants share a business or contractual relationship that concerns the underlying facts of both actions.  *See Airframe Sys.,* 601 F.3d at 14; *Bruszewski v. United States*, 181 F.2d 419, 422 (3d Cir. 1950) (holding that service arrangement between the ship and the United States was sufficient to justify the use of *res judicata*); *Leptha Enters., Inc. v. Longenback*, No. 90-7704, 1991 WL 183373, at *2 (S.D.N.Y. Sept. 9, 1991).  In *Airframe Systems*, the plaintiff filed a lawsuit against a current parent company alleging that its subsidiary had engaged in copyright infringement over a span of several years.  601 F.3d at 11-14.  That lawsuit was dismissed, and plaintiff then filed a second suit against the subsidiary's former

17

parent company (which was unaffiliated with the current parent).  *Id*.  On appeal, the First

Circuit concluded that the former parent company could assert claim preclusion because it had a

"close and significant relationship" with the current parent company, in that both companies had

simply been serving "as interchangeable proxies" in plaintiff's successive attempts to hold the

subsidiary company liable.  *Id*. at 17-18.  Courts reach the same result when the prior action

results in a dismissal through settlement rather than motion practice.  *See Waldman*, 207 F.3d at

105; *see also Leptha Enters., Inc.* 1991 WL 183373, at *2 (finding defendant's nonparty status in

a prior settlement did not preclude a finding of *res judicata* where prior defendants and current

defendants "were contractual partners with mutual economic interests").

      Here, Judge had a contractual arrangement with Citi for Judge to provide services to Citi

through individuals employed by Judge.  *See, e.g.*, Ex. 4 Puma Decl., *Jones* Fourth Amended

Compl., ¶ 5 ("Plaintiff worked as an hourly paid project manager for Defendant [Judge] and its

client Citigroup . . . ."); Ex. 3 Puma Decl., Plaintiffs' Statement of Genuine Issues, No. 27;

Compl. ¶ 30.  As discussed *supra* at 10-14, the work performed by Plaintiffs under this

relationship is the basis of the same wage claims asserted in both lawsuits.  Like in *Airframe*

*Systems*, Plaintiffs are treating Citi and Judge as "as interchangeable proxies" for liability based

on the same facts and based upon their contractual arrangement.  Further, similar to *Leptha*,

despite being a distinct and separate corporate entity from Judge, Citi can assert *res judicata*

because there is "a congruence of interests" between the two entities as a result of their

contractual arrangement.

      For these reasons, there is privity between Judge and Citi sufficient to establish the final

element of *res judicata*, and the Complaint should be dismissed.

IV.    **CONCLUSION**

Plaintiffs already had the opportunity to fully litigate their FLSA claims in the Eastern District of Pennsylvania in *Jones* and recovered on those claims against Judge.  As such, Plaintiffs are barred under the doctrine of *res judicata* from bringing the same claims against Citi premised on the same contractual arrangement, for the same work, and for the same hours.  All the elements of *res judicata* are easily met because (1) the settlement in *Jones* was a final judgment on the merits, (2) this action involves the same claims asserted in *Jones*, *i.e.*, recovery for alleged overtime for the same hours worked, and Plaintiffs *could have asserted* those claims against Citi in *Jones* because Plaintiffs were well aware of their allegations against Citi during the *Jones* action, and (3) Plaintiffs were parties in *Jones* and there is privity between Judge and Citi based on Plaintiffs' allegations that Judge and Citi were joint employers and the contractual arrangement between Judge and Citi with respect to the services at issue.

Under these circumstances, *res judicata* dictates that Plaintiffs are not entitled to a second recovery just because they feel they did not get enough from their first.  Failure to apply claim preclusion would encourage plaintiffs to engage in rampant claim splitting – litigating their claims one defendant at a time even if the claims all relate to the same facts – that would burden defendants and the courts.

For the foregoing reasons, Citi respectfully submits that Plaintiffs' Complaint should be dismissed with prejudice because it is barred by the doctrine of *res judicata*.

Dated:  New York, New York
       June 19, 2015

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

s/Michael J. Puma
Sam S. Shaulson
101 Park Avenue
New York, New York 10178
Telephone: 212.309.6000
sshaulson@morganlewis.com

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103
Telephone:  215.963.5305
mpuma@morganlewis.com

*Attorneys for Citigroup Inc.*