USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
PAULINA KORENBLUM, et al.,                                              :
                                                                        :
                                    Plaintiffs,                         :     15-CV-3383 (JMF)
                                                                        :
                -v-                                                     :     MEMORANDUM OPINION
                                                                        :           AND ORDER
CITIGROUP, INC.,                                                        :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Paulina Korenblum, Fredy Giron, and Kenneth M. Webb bring this putative collective action against Citigroup, Inc. ("Citi") to recover unpaid overtime wages allegedly owing under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Compl. (Docket No. 1) 9-10). Defendant moves to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis of *res judicata*, arguing that this suit is barred by a previous settlement between Plaintiffs and another party. That argument is easily rejected in light of binding Second Circuit precedent. Accordingly, the motion to dismiss is denied.

      The relevant facts — drawn from the Complaint, documents referenced therein, and matters of which the Court can take judicial notice, and assumed to be true for purposes of this motion, *see, e.g.*, *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) — can be summarized briefly. Plaintiffs are three former or current information technology employees of Citi, who bring this suit on behalf of themselves and others similarly situated. (*See* Compl. ¶¶ 1, 11-14). All three were opt-in plaintiffs in a prior, related FLSA suit against the Judge Group ("Judge"), a staffing agency that

coordinated Plaintiffs' employment with Citi and paid Plaintiffs' wages. (*See* Compl. ¶ 15; Mem. Law Supp. Def.'s Mot. To Dismiss Pls.' Compl. (Docket No. 26) ("Def.'s Mem.") 4). On December 15, 2014, that suit — *Jones v. The Judge Technical Services, Inc.*, 2:11-CV-06910-MSG (E.D. Pa.) — settled, and Plaintiffs released all claims against Judge. (*See* Def.'s Mem. 1, 4-6; Decl. Michael J. Puma (Docket No. 27), Ex. 9 ("Stipulation of Settlement")). Citi was not a party in that case, and was not mentioned in the settlement agreement. Four months after the settlement, Plaintiffs filed this case, again seeking recovery of unpaid overtime wages for their work at Citi. (*See* Compl. ¶ 48; Pls.' Corrected Mem. Law Opp'n Def.'s Mot. To Dismiss Pls.' Compl. (Docket No. 33) ("Pls.' Mem.") 1, 3). More specifically, they contend that as a joint employer with Judge, Citi is independently liable, and they seek to recover, among other things, overtime wages that were not included in the *Jones* settlement. (*See* Pls.' Mem. 1).

      As noted, Citi argues that Plaintiffs' suit is barred by *res judicata* in light of the *Jones* settlement. (*See* Def.'s Mem. 1-3). "Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and alterations omitted). The doctrine applies where an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) involving the same cause of action, and (4) in a case involving the same parties or their privies. *See Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221-22 (2d Cir. 2012). The doctrine precludes not only those claims that were raised in the prior action, but also those involving the same transaction or connected series of transactions that "could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*,

452 U.S. 394, 398 (1981); *see also, e.g.*, *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (per curiam).

      Citi's argument for dismissal fails because, on the existing record, it cannot satisfy the fourth element of the *res judicata* test. As the Second Circuit has squarely held, the issue of whether a settlement agreement between a plaintiff and one party bars suit against another party "is one of contractual privity, not of preclusion privity." *Boguslavsky v. S. Richmond Sec., Inc.*, 225 F.3d 127, 130 (2d Cir. 2000) (per curiam); *accord Esquire Trade & Fin., Inc. v. CBQ, Inc.*, 562 F.3d 516, 522 n.6 (2d Cir. 2009) (citing cases). In other words, when, as here, "a party seeks to invoke claim preclusion on the basis of its privity with a party to a consent judgment, the usual principles of 'preclusion privity' do not apply. Instead, the court should apply the principles of 'contractual privity'" and apply *res judicata* "only if the parties to the settlement agreement in the first suit . . . *intended* to release" the non-party. *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, No. 95-CV-7900 (MBM), 2001 WL 38285, at *2 (S.D.N.Y. Jan. 16, 2001) (Mukasey, J.) (emphasis added); *see also* 18 Charles A. Wright et. al., Federal Practice and Procedure § 4443, at 384 (1981) ("The basically contractual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties."). Here, as in *Rocket Jewelry Box*, the parties mistakenly "assumed that preclusion privity applied" and thus failed to address whether the parties to the settlement agreement in *Jones* intended to release Citi too. 2001 WL 38285, at *2. (*See* Def.'s Mem. 15-18; Pls.' Mem. 4-12; Reply Mem. Law Further Supp. Def.'s Mot. To Dismiss Pls.' Compl. (Docket No. 36) 4-9). Moreover, there is nothing in the materials the Court may consider on a Rule 12(b)(6) motion that reveals that intent. *See Esquire Trade & Fin.*, 562 F.3d at 522 n.6 (holding that, "[t]o the extent that the district court" had applied *res judicata* on the basis of an earlier settlement agreement, it had

3

erred because there was "nothing" in the record to suggest that the parties to the settlement agreement had intended for the agreement to release claims against the non-party defendant).[1]

In short, on the existing record, Second Circuit precedent compels the rejection of Citi's argument that this case is barred by *res judicata*. Accordingly, Defendant's motion to dismiss must be and is DENIED. The Clerk of Court is directed to terminate Docket No. 25.

SO ORDERED.

Date: October 14, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] The Court can consider the *Jones* settlement agreement itself, as the agreement was publicly filed in that case. *See Anderson v. Rochester-Genesee Regional Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (noting that courts may take judicial notice of filings in other cases); *Deyli v. Novartis Pharmaceuticals Corp.* No. 13-CV-6669 (NSR), 2014 WL 2757470, at *4 (taking judicial notice of the settlement agreement in a related case). But the settlement agreement makes no reference to Citi and includes nothing to suggest that Plaintiffs intended to release both Judge and Citi. In fact, the agreement states that "Plaintiffs and Judge mutually desire to settle fully and finally the Lawsuit and any and all claims and disputes *between Plaintiffs and Judge*." (Stipulation of Settlement ¶ 2 (emphasis added)).

4