# EXHIBIT N

# Morgan Lewis

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel.  +1.215.963.5000
Fax: +1.215.963.5001
www.morganlewis.com

Michael J. Puma
Partner
+1.215.963.5305
mpuma@morganlewis.com

November 3, 2015

**VIA HAND DELIVERY**

Adam T. Klein
Outten & Golden
3 Park Avenue, 29th Floor
New York, NY  10016

**VIA US MAIL**

Ryan F. Stephen
Stephan Zouras, LLP
205 North Michigan Avenue, Suite 2560
Chicago, IL  60601

David J. Cohen
Kolman Ely, P.C.
414 Hulmeville Avenue
Penndel, PA  19047

Re:    Paulina Korenblum, Fredy Giron & Kenneth M. Webb v. Citigroup Inc.
       Case No. 15-cv-3383-JMF

Dear Counsel:

Enclosed please find Defendant Citigroup Inc.'s First Set of Interrogatories and Requests for
Production of Documents to Plaintiffs Paulina Korenblum, Fredy Giron, and Kenneth M. Webb.

Sincerely,

*Michael J Puma/bbs*

Michael J. Puma

Enclosures

Almaty  Astana  Beijing  Boston  Brussels  Chicago  Dallas  Dubai  Frankfurt  Harrisburg  Hartford  Houston  London  Los Angeles  Miami  Moscow
New York  Orange County  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Santa Monica  Silicon Valley  Singapore  Tokyo  Washington
Wilmington

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------x
PAULINA KORENBLUM, FREDY         :
GIRON, and KENNETH M. WEBB,     :
on behalf of themselves and all others   :
similarly situated,                        :
                                         :      Case No. 15-cv-3383-JMF
               Plaintiffs,        :
                                         :
         v.                           :
                                         :
CITIGROUP, INC.,                 :
                                         :
             Defendant.       :
                                         :
-----------------------------------------------------x

### DEFENDANT CITIGROUP INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KENNETH M. WEBB

Defendant Citigroup Inc. ("Defendant" or "Citi") hereby requests that Plaintiff Kenneth

M. Webb ("Plaintiff") produce the following documents, in full accordance with the applicable

provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and of the Local Civil

Rules for the United States District Courts for the Southern and Eastern Districts of New York

("Local Rules"), for inspection and copying at the offices of Morgan, Lewis & Bockius LLP,

1701 Market Street, Philadelphia, Pennsylvania 19103, within thirty (30) days of receipt hereof.

Each of the following Requests is continuing in nature.  Accordingly, if after serving a

response to any Request, or any part thereof, Plaintiff, or any other person on Plaintiff's behalf,

obtains or becomes aware of additional information or documents that are responsive to that

Request, Plaintiff is required, under Federal Rule of Civil Procedure 26(e), to provide

supplemental responses.  Plaintiff must serve supplemental responses upon Defendant within

thirty (30) days after Plaintiff receives or becomes aware of such information or documents, but no later than three (3) weeks prior to the date of any trial or hearing in this action.

Plaintiff should read, interpret and respond to these Requests in accordance with the definitions and instructions below.  Plaintiff should respond to each Request with the detail that these definitions, the Federal Rules of Civil Procedure and Local Rules require.

## DEFINITIONS

1.      These definitions incorporate the uniform definitions and rules of construction contained in Rule 26.3 of the Local Rules.

2.      The terms "you," "your," "yours," "yourself" and/or "Plaintiff" mean Plaintiff Kenneth M. Webb, and any other persons acting, or purporting to act, on behalf of Plaintiff Kenneth M. Webb.

3.      The term "Named Plaintiffs" means Paulina Korenblum, Fredy Giron and Kenneth M. Webb.

4.      The term "Defendant" or "Citi" refers to Defendant Citigroup Inc., and any parent, subsidiary, directors, officers, employees, past or present agents, representatives or other persons acting or purporting to act on Defendant's behalf.

5.      The term "Complaint" refers to the Complaint filed on or about April 29, 2015 with the United States District Court for the Southern District of New York, Civil Action No. 1:15-cv-3383.

6.      The term "Lawsuit" refers to the above-captioned case *Paulina Korenblum, Fredy Giron, & Kenneth M. Webb v. Citigroup, Inc.*, Civil Action No. 1:15-cv-3383, pending in the United States District Court for the Southern District of New York.

2

7.     The term "Judge" refers to Judge Technical Services, Inc.

8.     The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9.     The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

## INSTRUCTIONS

1.     In answering these Requests, you are requested to furnish all documents in the possession, custody, or control of you, your attorneys, or any of your agents.

2.     If there are no documents in existence that are requested in a particular specification, your response must include a statement to that effect.

3.     If a document exists or has existed, but is not produced because it is in the possession, custody, or control of a third party or because it has been lost or destroyed, please identify and describe the document in detail and the name and address of the third party having control over the document, or the manner and time in which it was lost or destroyed.

4.     If an objection is made to any Request, for each item or category objected to, state the specific ground for each objection, identify the part to which you are objecting, and respond to the remaining portion of the Request.  If you object to the scope of the time period of any Request, state the objection, identify the scope or time period to which you object, and respond to the Request for the scope or time period that you believe appropriate.

5.     If you object to any Request because of a privilege, you must nevertheless provide the following information pursuant to the Local Rules, unless divulging the information would disclose the privileged information:

        (a)     the nature of the privilege claimed (including work product);

3

       (b)     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

       (c)     the type of document or electronically stored information;

       (d)     the general subject matter of the document or electronically stored information;

       (e)     the date of the document or electronically stored information;

       (f)     the author of the document or electronically stored information; and

       (g)     each recipient of the document or electronically stored information.

## REQUESTS FOR PRODUCTION

1.      All documents identified in Plaintiff's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

2.      All documents described, identified, or referred to in Plaintiff's responses to Defendant's First Set of Interrogatories to Plaintiff.

3.      All documents used or relied upon in responding to Defendant's First Set of Interrogatories to Plaintiff.

4.      All documents referenced in the Complaint.

5.      All documents relating to Plaintiff's hiring by Judge and/or alleged hiring by Citi, including any advertisement for any position for which Plaintiff applied, any materials submitted in connection with Plaintiff's application (resume, application forms), and any materials that Plaintiff obtained from either Judge or Citi in connection with such application.

6.      All documents relating to the terms and conditions of Plaintiff's employment with Judge and alleged employment with Citi, including but not limited to offer letters, employment agreements, job descriptions, documents relating to compensation or benefits, documents relating to work schedules, hours expected to be worked, hours actually worked, training materials, employee handbooks, employee newsletters, personnel policies or statements, compliance policies or directives, compensation-related documents, and business cards.

7.      All documents relating to Plaintiff's hours of work during Plaintiff's alleged employment with Citi, including but not limited to all time records, time sheets, schedules and calendars.

8.      All documents that evidence or reflect the specific times of day at which Plaintiff started and/or stopped performing work during Plaintiff's alleged employment with Citi,

including the times when Plaintiff allegedly started or stopped performing work duties for an entire day or for any periods of time during the day, including but not limited to time records, schedules, charts, calendars, appointment books, reports, diaries, logs, journals, memoranda, notes, correspondence, e-mails, text messages, telephone records, business expense records, or credit card records.

9.      All documents relating to Plaintiff's job performance during Plaintiff's employment with Judge and alleged employment with Citi, including performance evaluations (whether formal or informal), performance records, performance standards, and all documents relating to all disciplinary actions, reprimands, warnings, promotions, commendations, awards, bonuses and/or changes in position or title or separation from employment.

10.     All documents relating to any communication between Plaintiff and Judge and/or Citi (including but not limited to communications to or from Judge's and/or Citi's current or former officers, directors, employees, agents, or representatives), relating to Plaintiff's employment with Judge and alleged employment with Citi, the subject matter of this Lawsuit (including but not limited to Plaintiff's job responsibilities, hours worked, compensation or benefits), the damages sought in this Lawsuit, the allegations contained in the Complaint, the facts and circumstances underlying the allegations contained in the Complaint and/or Defendant's defenses thereto.

11.     All documents relating to any communication between Plaintiff and any person(s) who is not a current or former officer, director, employee, agent, or representative of Judge or Citi, relating to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the

Complaint, the facts and circumstances underlying the allegations set forth in the Complaint, and/or Defendant's defenses thereto.

12.     All tape recordings (or other formats of video or sound reproduction, either digital or analog) of any conversation or other communications between Plaintiff (or anyone acting or purporting to act on the behalf of Plaintiff) and Judge and/or Citi (including Judge's and/or Citi's current or former officers, directors, employees, agents, or representatives).

13.     All diaries, journals, calendars, logs, daytimers, notes, schedules, or time records that record or evidence Plaintiff's activities during Plaintiff's employment with Judge and alleged employment with Citi.

14.     All documents relating to the number of hours that Plaintiff contends Plaintiff worked on a daily, weekly, monthly, and yearly basis during Plaintiff's employment with Judge and alleged employment with Citi.

15.     All documents relating to Plaintiff's compensation, including but not limited to draws, commissions, wages, bonuses, incentive pay, supplemental pay, paid time off, or any other compensation Plaintiff received or was entitled to receive while employed by Judge and allegedly employed by Citi, including pay stubs, check stubs, earnings statements, commission statements, proofs of deposit, and W-2/1099 forms.

16.     All documents concerning Plaintiff's vacation, sick, personal, leave, or other time Plaintiff did not work during Plaintiff's employment with Judge and alleged employment with Citi, including calendars, schedules, daytimers, credit card receipts, plane tickets, or other evidence showing when Plaintiff was not at work.

17.     All documents concerning any personal activities in which Plaintiff engaged during workdays (including but not limited to personal telephone calls or text messages;

preparing, sending, or receiving personal electronic mail or facsimiles; posting on social media sites; browsing the Internet; eating meals; vacations; personal travel; attending classes or other educational activities; collecting or dropping off children at day-care providers; conducting personal business; attending or participating in school, sports, physical fitness or athletic activities; attending or participating in recreational events, theatrical rehearsals or performances; attending meetings of community organizations or clubs; religious activities; family activities; sporting events; or other activities unrelated to work) between Plaintiff's first and last work activity during Plaintiff's employment with Judge and alleged employment with Citi, including but not limited to notes, e-mails, text messages, phone logs, cellular phone records, Internet postings and social media communications, credit or debit card statements, purchase receipts, bank statements, cancelled checks, mobile or cellular phone records, photographs, videotapes, or expense forms that relate to paying for meals, parking, gasoline, tuition, goods, services, or other expenses.

18.     All documents concerning dates and/or times Plaintiff visited any health care provider—including but not limited to any physician, osteopath, chiropractor, hospital, surgical center, treatment center, psychiatrist, psychologist, therapist, social worker, dentist, orthodontist, or alternative medicine practitioner—for Plaintiff's own health reasons during any workday while Plaintiff was employed by Judge and allegedly employed by Citi.  This request does not require disclosure of any private medical information.  To the extent any such information is included in any record of the date and time of the visits, it may be redacted from the record.

19.     All documents concerning dates and/or times Plaintiff accompanied another person on a visit to any health care provider—including but not limited to any physician, osteopath, chiropractor, hospital, surgical center, treatment center, psychiatrist, psychologist,

therapist, social worker, dentist, orthodontist, or alternative medicine practitioner—during any workday while Plaintiff was employed by Judge and allegedly employed by Citi. This request does not require disclosure of any private medical information. To the extent any such information is included in any record of the date and time of the visits, it may be redacted from the record.

20.     All documents relating to Plaintiff's resignation and or termination from employment with Judge and/or Plaintiff's alleged employment with Citi.

21.     All questionnaires, letters, e-mails, notices, website content, pages, and advertisements, and/or other information that you, your attorneys, or anyone acting on your behalf sent or had sent or provided to any employee or former employee of Judge and/or Citi, or posted or published, including but not limited to on Facebook, LinkedIn, any other social media website or any other website, concerning this Lawsuit or the claims alleged therein, as well as any mailing list or database used to distribute such communications, and any documents or evidence of such communications or responses by those employees or former employees.

22.     All statements (sworn or unsworn), affidavits, or declarations that Plaintiff (or anyone acting on Plaintiff's behalf) has gathered or obtained concerning the subject matter of this Lawsuit (including statements of Plaintiff or other employees of Judge or Citi), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint (including, but not limited to, Plaintiff's allegations that Plaintiff was jointly employed by Judge and Citi and/or was not paid for all hours worked).

23.     All documents sent to, or received from, any expert that Plaintiff or Plaintiff's counsel has retained to potentially testify in this case, including expert reports, prepared by, prepared for, or relied upon by any such expert.

24.     All documents concerning any compensation paid or to be paid by Plaintiff or Plaintiff's representative to each and every expert retained to potentially testify in this case.

25.     All documents considered or relied upon by any expert retained by Plaintiff or Plaintiff's counsel to potentially testify in this case in forming any opinion concerning this case.

26.     All documents concerning Plaintiff's attempts to obtain employment (or any form of self-employment, including, but not limited to, any independent contractor or consulting arrangement) since the beginning of Plaintiff's employment with Judge and/or Plaintiff's alleged employment with Citi, including:

　　　　a.     all applications for employment; resumes; curriculum vitae; cover letters; proposals; website postings or submissions, and/or newspaper, journal, or magazine advertisements;

　　　　b.     all communications or correspondence sent to or received from any headhunters, employment agencies, and/or placement agencies concerning any potential employment or work;

　　　　c.     any and all communications or correspondence sent to or received from any potential employers regarding any potential employment or work; and

　　　　d.     any and all interviews, offers for work, or acceptance or rejection of offers for work.

27.     All resumes or curriculum vitae created, drafted, used, or prepared by Plaintiff since the beginning of Plaintiff's employment with Judge and/or Plaintiff's alleged employment with Citi.

28.     All documents where Plaintiff identified Plaintiff's employer during or since Plaintiff's employment by Judge and alleged employment by Citi, including but not limited to

resumes, printouts from professional or social networking websites, and applications for
employment, auto, mortgage, or other financing, and membership to any union, group,
organization, or association.

  29. All documents reflecting Plaintiff's expected or performed job duties during
Plaintiff's employment with Judge and alleged employment with Citi.

  30. All documents concerning any education, classes, instructions, training,
designation, certification, or licensing by Plaintiff following Plaintiff's graduation from high
school, including applications, course schedules, report cards, degrees, and licenses.

  31. All documents concerning Plaintiff's employment (or any form of self-
employment) following Plaintiff's graduation from high school, including documents reflecting
the name and address of each employer, and description of job title and responsibilities
(including but not limited to resumes, mortgage applications, and cover letters to prospective
employers).

  32. All documents or physical evidence given to or received from any governmental
agency that relates to the subject matter of this Lawsuit (including Plaintiff's job duties,
compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations
contained in the Complaint and circumstances underlying the allegations set forth in the
Complaint (including but not limited to Plaintiff's claims that Plaintiff was jointly employed by
Judge and Citi and/or was not paid for all hours worked).

  33. All documents concerning any other lawsuit or administrative action (including
bankruptcy and divorce actions) brought by, on behalf of, or against Plaintiff relating to the
allegations in this action in which Plaintiff participated in any way, including transcripts of any
depositions or other testimony by Plaintiff; any declarations, affidavits or other statements by

Plaintiff; and any documents produced by Plaintiff, at any time through the date of any judgment in this case.

34.     All documents that Plaintiff contends may constitute an admission or statement against interest by Defendant.

35.     The retainer agreement, engagement letter, and other documents concerning the fee arrangement between Plaintiff and Plaintiff's attorneys in this case, the amounts Plaintiff has paid to Plaintiff's attorneys, and the amounts Plaintiff owes Plaintiff's attorneys.

36.     All documents concerning Plaintiff's claim that Plaintiff did not meet the requirements of any exemptions from the overtime requirements of the Fair Labor Standards Act while Plaintiff was employed by Judge and allegedly employed by Citi.

37.     All documents obtained from any non-parties, agencies, the public record, or otherwise concerning the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint.

38.     All documents that you intend to introduce into evidence or otherwise rely upon at any deposition, hearing, or trial in this matter.

39.     All documents removed by Plaintiff or anyone else from Judge and/or Citi's premises or possession, custody, or control and/or copies or summaries thereof currently in Plaintiff's possession, custody or control.

40.     All documents relating to Citi's alleged "Professional" pay plan.

41.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 16 of the Complaint, that the Named Plaintiffs were "misclassified as exempt."

42.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 17 of the Complaint, that the Named Plaintiffs "were assigned to work exclusively for Citi, where they reported directly to a Citi manager."

43.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 19 of the Complaint, that "Citi supervised and controlled" Named Plaintiffs.

44.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 20 of the Complaint, that Citi assigned Named Plaintiffs the tasks they performed and determined the hours they worked.

45.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 21 of the Complaint, that Citi required Named Plaintiffs to follow Citi's rules, policies, and directives, including its timekeeping policies.

46.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 22 of the Complaint, that Citi maintained employment records for Named Plaintiffs.

47.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 23 of the Complaint, that Citi had the power to fire Named Plaintiffs.

48.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 24 of the Complaint, that Citi instructed Named Plaintiffs to work more than forty (40) hours per week without receiving any pay for certain hours worked beyond forty (40) and had knowledge of this alleged non-payment.

49.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 26 of the Complaint, that Citi trained Named Plaintiffs to perform their jobs and use the equipment and programs it involved.

50.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 31 of the Complaint, that Citi "promulgated, controlled and oversaw all scheduling and timekeeping systems and practices applicable" to Named Plaintiffs.

51.     If not otherwise produced, all documents relating to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint, the circumstances underlying the allegations set forth in the Complaint, and/or Defendant's defenses thereto.

52.     All copies of any independent contractor, employment, or other agreements that relate to your performance of services for any entity as an employee, independent contractor, or otherwise, from the time period one year prior to your first date of employment with Judge/alleged employment with Citi to the present.

53.     If not otherwise produced, all documents relating to Plaintiff's claims for damages, including any documents describing or reflecting the method used to calculate such claimed relief.

Dated:  November 3, 2015

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*Michael J. Puma/dhs*

Sam S. Shaulson
101 Park Avenue
New York, New York 10178
Telephone: 212.309.6000
sshaulson@morganlewis.com

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103
Telephone:  215.963.5305
mpuma@morganlewis.com

*Attorneys for Defendant Citigroup Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant Citigroup Inc.'s First Set of Requests for Production of Documents to Plaintiff Kenneth M. Webb was served via Hand Delivery on November 3, 2015 upon the following:

> Adam T. Klein
> Molly A. Brooks
> Christopher M. McNerney
> OUTTEN & GOLDEN LLP
> 3 Park Avenue, 29th Floor
> New York, NY 10016

> *Attorneys for Plaintiffs*

I hereby certify that a copy of the foregoing Defendant Citigroup Inc.'s First Set of Requests for Production of Documents to Plaintiff Kenneth M. Webb was served via U.S. Mail on November 2, 2015 upon the following:

> Ryan F. Stephan
> STEPHAN ZOURAS, LLP
> 205 North Michigan Avenue, Suite 2560
> Chicago, IL 60601

> David J. Cohen
> KOLMAN ELY, P.C.
> 414 Hulmeville Avenue
> Penndel, PA 19047

> *Attorneys for Plaintiffs*

Michael J. Puma

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------x
PAULINA KORENBLUM, FREDY          :
GIRON, and KENNETH M. WEBB,       :
on behalf of themselves and all others   :
similarly situated,               :
                                  :     Case No. 15-cv-3383-JMF
                   Plaintiffs,    :
                                  :
          v.                      :
                                  :
CITIGROUP, INC.,                  :
                                  :
                   Defendant.     :
                                  :
----------------------------------------------------x

## DEFENDANT CITIGROUP INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FREDY GIRON

Defendant Citigroup Inc. ("Defendant" or "Citi") hereby requests that Plaintiff Fredy

Giron ("Plaintiff") produce the following documents, in full accordance with the applicable

provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and of the Local Civil

Rules for the United States District Courts for the Southern and Eastern Districts of New York

("Local Rules"), for inspection and copying at the offices of Morgan, Lewis & Bockius LLP,

1701 Market Street, Philadelphia, Pennsylvania 19103, within thirty (30) days of receipt hereof.

Each of the following Requests is continuing in nature. Accordingly, if after serving a

response to any Request, or any part thereof, Plaintiff, or any other person on Plaintiff's behalf,

obtains or becomes aware of additional information or documents that are responsive to that

Request, Plaintiff is required, under Federal Rule of Civil Procedure 26(e), to provide

supplemental responses. Plaintiff must serve supplemental responses upon Defendant within

1

thirty (30) days after Plaintiff receives or becomes aware of such information or documents, but no later than three (3) weeks prior to the date of any trial or hearing in this action.

Plaintiff should read, interpret and respond to these Requests in accordance with the definitions and instructions below.  Plaintiff should respond to each Request with the detail that these definitions, the Federal Rules of Civil Procedure and Local Rules require.

## DEFINITIONS

1.     These definitions incorporate the uniform definitions and rules of construction contained in Rule 26.3 of the Local Rules.

2.     The terms "you," "your," "yours," "yourself" and/or "Plaintiff" mean Plaintiff Fredy Giron, and any other persons acting, or purporting to act, on behalf of Plaintiff Fredy Giron.

3.     The term "Named Plaintiffs" means Paulina Korenblum, Fredy Giron and Kenneth M. Webb.

4.     The term "Defendant" or "Citi" refers to Defendant Citigroup Inc., and any parent, subsidiary, directors, officers, employees, past or present agents, representatives or other persons acting or purporting to act on Defendant's behalf.

5.     The term "Complaint" refers to the Complaint filed on or about April 29, 2015 with the United States District Court for the Southern District of New York, Civil Action No. 1:15-cv-3383.

6.     The term "Lawsuit" refers to the above-captioned case *Paulina Korenblum, Fredy Giron, & Kenneth M. Webb v. Citigroup, Inc.*, Civil Action No. 1:15-cv-3383, pending in the United States District Court for the Southern District of New York.

7.      The term "Judge" refers to Judge Technical Services, Inc.

8.      The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9.      The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

## **INSTRUCTIONS**

1.      In answering these Requests, you are requested to furnish all documents in the possession, custody, or control of you, your attorneys, or any of your agents.

2.      If there are no documents in existence that are requested in a particular specification, your response must include a statement to that effect.

3.      If a document exists or has existed, but is not produced because it is in the possession, custody, or control of a third party or because it has been lost or destroyed, please identify and describe the document in detail and the name and address of the third party having control over the document, or the manner and time in which it was lost or destroyed.

4.      If an objection is made to any Request, for each item or category objected to, state the specific ground for each objection, identify the part to which you are objecting, and respond to the remaining portion of the Request.  If you object to the scope of the time period of any Request, state the objection, identify the scope or time period to which you object, and respond to the Request for the scope or time period that you believe appropriate.

5.      If you object to any Request because of a privilege, you must nevertheless provide the following information pursuant to the Local Rules, unless divulging the information would disclose the privileged information:

        (a)      the nature of the privilege claimed (including work product);

3

(b)    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c)    the type of document or electronically stored information;

(d)    the general subject matter of the document or electronically stored information;

(e)    the date of the document or electronically stored information;

(f)    the author of the document or electronically stored information; and

(g)    each recipient of the document or electronically stored information.

## REQUESTS FOR PRODUCTION

1.      All documents identified in Plaintiff's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

2.      All documents described, identified, or referred to in Plaintiff's responses to Defendant's First Set of Interrogatories to Plaintiff.

3.      All documents used or relied upon in responding to Defendant's First Set of Interrogatories to Plaintiff.

4.      All documents referenced in the Complaint.

5.      All documents relating to Plaintiff's hiring by Judge and/or alleged hiring by Citi, including any advertisement for any position for which Plaintiff applied, any materials submitted in connection with Plaintiff's application (resume, application forms), and any materials that Plaintiff obtained from either Judge or Citi in connection with such application.

6.      All documents relating to the terms and conditions of Plaintiff's employment with Judge and alleged employment with Citi, including but not limited to offer letters, employment agreements, job descriptions, documents relating to compensation or benefits, documents relating to work schedules, hours expected to be worked, hours actually worked, training materials, employee handbooks, employee newsletters, personnel policies or statements, compliance policies or directives, compensation-related documents, and business cards.

7.      All documents relating to Plaintiff's hours of work during Plaintiff's alleged employment with Citi, including but not limited to all time records, time sheets, schedules and calendars.

8.      All documents that evidence or reflect the specific times of day at which Plaintiff started and/or stopped performing work during Plaintiff's alleged employment with Citi,

including the times when Plaintiff allegedly started or stopped performing work duties for an entire day or for any periods of time during the day, including but not limited to time records, schedules, charts, calendars, appointment books, reports, diaries, logs, journals, memoranda, notes, correspondence, e-mails, text messages, telephone records, business expense records, or credit card records.

9.     All documents relating to Plaintiff's job performance during Plaintiff's employment with Judge and alleged employment with Citi, including performance evaluations (whether formal or informal), performance records, performance standards, and all documents relating to all disciplinary actions, reprimands, warnings, promotions, commendations, awards, bonuses and/or changes in position or title or separation from employment.

10.     All documents relating to any communication between Plaintiff and Judge and/or Citi (including but not limited to communications to or from Judge's and/or Citi's current or former officers, directors, employees, agents, or representatives), relating to Plaintiff's employment with Judge and alleged employment with Citi, the subject matter of this Lawsuit (including but not limited to Plaintiff's job responsibilities, hours worked, compensation or benefits), the damages sought in this Lawsuit, the allegations contained in the Complaint, the facts and circumstances underlying the allegations contained in the Complaint and/or Defendant's defenses thereto.

11.     All documents relating to any communication between Plaintiff and any person(s) who is not a current or former officer, director, employee, agent, or representative of Judge or Citi, relating to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the

Complaint, the facts and circumstances underlying the allegations set forth in the Complaint, and/or Defendant's defenses thereto.

12.      All tape recordings (or other formats of video or sound reproduction, either digital or analog) of any conversation or other communications between Plaintiff (or anyone acting or purporting to act on the behalf of Plaintiff) and Judge and/or Citi (including Judge's and/or Citi's current or former officers, directors, employees, agents, or representatives).

13.      All diaries, journals, calendars, logs, daytimers, notes, schedules, or time records that record or evidence Plaintiff's activities during Plaintiff's employment with Judge and alleged employment with Citi.

14.      All documents relating to the number of hours that Plaintiff contends Plaintiff worked on a daily, weekly, monthly, and yearly basis during Plaintiff's employment with Judge and alleged employment with Citi.

15.      All documents relating to Plaintiff's compensation, including but not limited to draws, commissions, wages, bonuses, incentive pay, supplemental pay, paid time off, or any other compensation Plaintiff received or was entitled to receive while employed by Judge and allegedly employed by Citi, including pay stubs, check stubs, earnings statements, commission statements, proofs of deposit, and W-2/1099 forms.

16.      All documents concerning Plaintiff's vacation, sick, personal, leave, or other time Plaintiff did not work during Plaintiff's employment with Judge and alleged employment with Citi, including calendars, schedules, daytimers, credit card receipts, plane tickets, or other evidence showing when Plaintiff was not at work.

17.      All documents concerning any personal activities in which Plaintiff engaged during workdays (including but not limited to personal telephone calls or text messages;

preparing, sending, or receiving personal electronic mail or facsimiles; posting on social media sites; browsing the Internet; eating meals; vacations; personal travel; attending classes or other educational activities; collecting or dropping off children at day-care providers; conducting personal business; attending or participating in school, sports, physical fitness or athletic activities; attending or participating in recreational events, theatrical rehearsals or performances; attending meetings of community organizations or clubs; religious activities; family activities; sporting events; or other activities unrelated to work) between Plaintiff's first and last work activity during Plaintiff's employment with Judge and alleged employment with Citi, including but not limited to notes, e-mails, text messages, phone logs, cellular phone records, Internet postings and social media communications, credit or debit card statements, purchase receipts, bank statements, cancelled checks, mobile or cellular phone records, photographs, videotapes, or expense forms that relate to paying for meals, parking, gasoline, tuition, goods, services, or other expenses.

18.     All documents concerning dates and/or times Plaintiff visited any health care provider—including but not limited to any physician, osteopath, chiropractor, hospital, surgical center, treatment center, psychiatrist, psychologist, therapist, social worker, dentist, orthodontist, or alternative medicine practitioner—for Plaintiff's own health reasons during any workday while Plaintiff was employed by Judge and allegedly employed by Citi.  This request does not require disclosure of any private medical information.  To the extent any such information is included in any record of the date and time of the visits, it may be redacted from the record.

19.     All documents concerning dates and/or times Plaintiff accompanied another person on a visit to any health care provider—including but not limited to any physician, osteopath, chiropractor, hospital, surgical center, treatment center, psychiatrist, psychologist,

therapist, social worker, dentist, orthodontist, or alternative medicine practitioner—during any workday while Plaintiff was employed by Judge and allegedly employed by Citi.  This request does not require disclosure of any private medical information.  To the extent any such information is included in any record of the date and time of the visits, it may be redacted from the record.

20.    All documents relating to Plaintiff's resignation and or termination from employment with Judge and/or Plaintiff's alleged employment with Citi.

21.    All questionnaires, letters, e-mails, notices, website content, pages, and advertisements, and/or other information that you, your attorneys, or anyone acting on your behalf sent or had sent or provided to any employee or former employee of Judge and/or Citi, or posted or published, including but not limited to on Facebook, LinkedIn, any other social media website or any other website, concerning this Lawsuit or the claims alleged therein, as well as any mailing list or database used to distribute such communications, and any documents or evidence of such communications or responses by those employees or former employees.

22.    All statements (sworn or unsworn), affidavits, or declarations that Plaintiff (or anyone acting on Plaintiff's behalf) has gathered or obtained concerning the subject matter of this Lawsuit (including statements of Plaintiff or other employees of Judge or Citi), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint (including, but not limited to, Plaintiff's allegations that Plaintiff was jointly employed by Judge and Citi and/or was not paid for all hours worked).

23.    All documents sent to, or received from, any expert that Plaintiff or Plaintiff's counsel has retained to potentially testify in this case, including expert reports, prepared by, prepared for, or relied upon by any such expert.

24.     All documents concerning any compensation paid or to be paid by Plaintiff or Plaintiff's representative to each and every expert retained to potentially testify in this case.

25.     All documents considered or relied upon by any expert retained by Plaintiff or Plaintiff's counsel to potentially testify in this case in forming any opinion concerning this case.

26.     All documents concerning Plaintiff's attempts to obtain employment (or any form of self-employment, including, but not limited to, any independent contractor or consulting arrangement) since the beginning of Plaintiff's employment with Judge and/or Plaintiff's alleged employment with Citi, including:

  a.     all applications for employment; resumes; curriculum vitae; cover letters; proposals; website postings or submissions, and/or newspaper, journal, or magazine advertisements;

  b.     all communications or correspondence sent to or received from any headhunters, employment agencies, and/or placement agencies concerning any potential employment or work;

  c.     any and all communications or correspondence sent to or received from any potential employers regarding any potential employment or work; and

  d.     any and all interviews, offers for work, or acceptance or rejection of offers for work.

27.     All resumes or curriculum vitae created, drafted, used, or prepared by Plaintiff since the beginning of Plaintiff's employment with Judge and/or Plaintiff's alleged employment with Citi.

28.     All documents where Plaintiff identified Plaintiff's employer during or since Plaintiff's employment by Judge and alleged employment by Citi, including but not limited to

resumes, printouts from professional or social networking websites, and applications for employment, auto, mortgage, or other financing, and membership to any union, group, organization, or association.

29.     All documents reflecting Plaintiff's expected or performed job duties during Plaintiff's employment with Judge and alleged employment with Citi.

30.     All documents concerning any education, classes, instructions, training, designation, certification, or licensing by Plaintiff following Plaintiff's graduation from high school, including applications, course schedules, report cards, degrees, and licenses.

31.     All documents concerning Plaintiff's employment (or any form of self-employment) following Plaintiff's graduation from high school, including documents reflecting the name and address of each employer, and description of job title and responsibilities (including but not limited to resumes, mortgage applications, and cover letters to prospective employers).

32.     All documents or physical evidence given to or received from any governmental agency that relates to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint (including but not limited to Plaintiff's claims that Plaintiff was jointly employed by Judge and Citi and/or was not paid for all hours worked).

33.     All documents concerning any other lawsuit or administrative action (including bankruptcy and divorce actions) brought by, on behalf of, or against Plaintiff relating to the allegations in this action in which Plaintiff participated in any way, including transcripts of any depositions or other testimony by Plaintiff; any declarations, affidavits or other statements by

Plaintiff; and any documents produced by Plaintiff, at any time through the date of any judgment in this case.

34.    All documents that Plaintiff contends may constitute an admission or statement against interest by Defendant.

35.    The retainer agreement, engagement letter, and other documents concerning the fee arrangement between Plaintiff and Plaintiff's attorneys in this case, the amounts Plaintiff has paid to Plaintiff's attorneys, and the amounts Plaintiff owes Plaintiff's attorneys.

36.    All documents concerning Plaintiff's claim that Plaintiff did not meet the requirements of any exemptions from the overtime requirements of the Fair Labor Standards Act while Plaintiff was employed by Judge and allegedly employed by Citi.

37.    All documents obtained from any non-parties, agencies, the public record, or otherwise concerning the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint.

38.    All documents that you intend to introduce into evidence or otherwise rely upon at any deposition, hearing, or trial in this matter.

39.    All documents removed by Plaintiff or anyone else from Judge and/or Citi's premises or possession, custody, or control and/or copies or summaries thereof currently in Plaintiff's possession, custody or control.

40.    All documents relating to Citi's alleged "Professional" pay plan.

41.    If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 16 of the Complaint, that the Named Plaintiffs were "misclassified as exempt."

42.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 17 of the Complaint, that the Named Plaintiffs "were assigned to work exclusively for Citi, where they reported directly to a Citi manager."

43.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 19 of the Complaint, that "Citi supervised and controlled" Named Plaintiffs.

44.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 20 of the Complaint, that Citi assigned Named Plaintiffs the tasks they performed and determined the hours they worked.

45.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 21 of the Complaint, that Citi required Named Plaintiffs to follow Citi's rules, policies, and directives, including its timekeeping policies.

46.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 22 of the Complaint, that Citi maintained employment records for Named Plaintiffs.

47.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 23 of the Complaint, that Citi had the power to fire Named Plaintiffs.

48.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 24 of the Complaint, that Citi instructed Named Plaintiffs to work more than forty (40) hours per week without receiving any pay for certain hours worked beyond forty (40) and had knowledge of this alleged non-payment.

49.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 26 of the Complaint, that Citi trained Named Plaintiffs to perform their jobs and use the equipment and programs it involved.

50.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 31 of the Complaint, that Citi "promulgated, controlled and oversaw all scheduling and timekeeping systems and practices applicable" to Named Plaintiffs.

51.     If not otherwise produced, all documents relating to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint, the circumstances underlying the allegations set forth in the Complaint, and/or Defendant's defenses thereto.

52.     All copies of any independent contractor, employment, or other agreements that relate to your performance of services for any entity as an employee, independent contractor, or otherwise, from the time period one year prior to your first date of employment with Judge/alleged employment with Citi to the present.

53.     If not otherwise produced, all documents relating to Plaintiff's claims for damages, including any documents describing or reflecting the method used to calculate such claimed relief.

Dated:  November 3, 2015                    Respectfully submitted,

                                            MORGAN, LEWIS & BOCKIUS LLP

                                            *Michael J. Puma / bds*

                                            Sam S. Shaulson
                                            101 Park Avenue
                                            New York, New York 10178
                                            Telephone: 212.309.6000
                                            sshaulson@morganlewis.com

                                            Michael J. Puma
                                            1701 Market Street
                                            Philadelphia, PA 19103
                                            Telephone:  215.963.5305
                                            mpuma@morganlewis.com

                                            *Attorneys for Defendant Citigroup Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant Citigroup Inc.'s First Set of Requests for Production of Documents to Plaintiff Fredy Giron was served via Hand Delivery on November 3, 2015 upon the following:

> Adam T. Klein
> Molly A. Brooks
> Christopher M. McNerney
> OUTTEN & GOLDEN LLP
> 3 Park Avenue, 29th Floor
> New York, NY 10016
>
> *Attorneys for Plaintiffs*

I hereby certify that a copy of the foregoing Defendant Citigroup Inc.'s First Set of Requests for Production of Documents to Plaintiff Fredy Giron was served via U.S. Mail on November 2, 2015 upon the following:

> Ryan F. Stephan
> STEPHAN ZOURAS, LLP
> 205 North Michigan Avenue, Suite 2560
> Chicago, IL 60601
>
> David J. Cohen
> KOLMAN ELY, P.C.
> 414 Hulmeville Avenue
> Penndel, PA 19047
>
> *Attorneys for Plaintiffs*

Michael J. Puma / bds

Michael J. Puma

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
PAULINA KORENBLUM, FREDY              :
GIRON, and KENNETH M. WEBB,           :
on behalf of themselves and all others :
similarly situated,                   :
                                      :        Case No. 15-cv-3383-JMF
                   Plaintiffs,        :
                                      :
            v.                        :
                                      :
CITIGROUP, INC.,                      :
                                      :
                   Defendant.         :
                                      :
------------------------------------------------------x
```

## DEFENDANT CITIGROUP INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PAULINA KORENBLUM

Defendant Citigroup Inc. ("Defendant" or "Citi") hereby requests that Plaintiff Paulina Korenblum ("Plaintiff") produce the following documents, in full accordance with the applicable provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure and of the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), for inspection and copying at the offices of Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103, within thirty (30) days of receipt hereof.

Each of the following Requests is continuing in nature. Accordingly, if after serving a response to any Request, or any part thereof, Plaintiff, or any other person on Plaintiff's behalf, obtains or becomes aware of additional information or documents that are responsive to that Request, Plaintiff is required, under Federal Rule of Civil Procedure 26(e), to provide supplemental responses. Plaintiff must serve supplemental responses upon Defendant within

thirty (30) days after Plaintiff receives or becomes aware of such information or documents, but no later than three (3) weeks prior to the date of any trial or hearing in this action.

Plaintiff should read, interpret and respond to these Requests in accordance with the definitions and instructions below.  Plaintiff should respond to each Request with the detail that these definitions, the Federal Rules of Civil Procedure and Local Rules require.

## DEFINITIONS

1.      These definitions incorporate the uniform definitions and rules of construction contained in Rule 26.3 of the Local Rules.

2.      The terms "you," "your," "yours," "yourself" and/or "Plaintiff" mean Plaintiff Paulina Korenblum, and any other persons acting, or purporting to act, on behalf of Plaintiff Paulina Korenblum.

3.      The term "Named Plaintiffs" means Paulina Korenblum, Fredy Giron and Kenneth M. Webb.

4.      The term "Defendant" or "Citi" refers to Defendant Citigroup Inc., and any parent, subsidiary, directors, officers, employees, past or present agents, representatives or other persons acting or purporting to act on Defendant's behalf.

5.      The term "Complaint" refers to the Complaint filed on or about April 29, 2015 with the United States District Court for the Southern District of New York, Civil Action No. 1:15-cv-3383.

6.      The term "Lawsuit" refers to the above-captioned case *Paulina Korenblum, Fredy Giron, & Kenneth M. Webb v. Citigroup, Inc.*, Civil Action No. 1:15-cv-3383, pending in the United States District Court for the Southern District of New York.

2

7.      The term "Judge" refers to Judge Technical Services, Inc.

8.      The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9.      The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

## INSTRUCTIONS

1.      In answering these Requests, you are requested to furnish all documents in the possession, custody, or control of you, your attorneys, or any of your agents.

2.      If there are no documents in existence that are requested in a particular specification, your response must include a statement to that effect.

3.      If a document exists or has existed, but is not produced because it is in the possession, custody, or control of a third party or because it has been lost or destroyed, please identify and describe the document in detail and the name and address of the third party having control over the document, or the manner and time in which it was lost or destroyed.

4.      If an objection is made to any Request, for each item or category objected to, state the specific ground for each objection, identify the part to which you are objecting, and respond to the remaining portion of the Request.  If you object to the scope of the time period of any Request, state the objection, identify the scope or time period to which you object, and respond to the Request for the scope or time period that you believe appropriate.

5.      If you object to any Request because of a privilege, you must nevertheless provide the following information pursuant to the Local Rules, unless divulging the information would disclose the privileged information:

        (a)      the nature of the privilege claimed (including work product);

3

(b)     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c)     the type of document or electronically stored information;

(d)     the general subject matter of the document or electronically stored information;

(e)     the date of the document or electronically stored information;

(f)     the author of the document or electronically stored information; and

(g)     each recipient of the document or electronically stored information.

## REQUESTS FOR PRODUCTION

1.      All documents identified in Plaintiff's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

2.      All documents described, identified, or referred to in Plaintiff's responses to Defendant's First Set of Interrogatories to Plaintiff.

3.      All documents used or relied upon in responding to Defendant's First Set of Interrogatories to Plaintiff.

4.      All documents referenced in the Complaint.

5.      All documents relating to Plaintiff's hiring by Judge and/or alleged hiring by Citi, including any advertisement for any position for which Plaintiff applied, any materials submitted in connection with Plaintiff's application (resume, application forms), and any materials that Plaintiff obtained from either Judge or Citi in connection with such application.

6.      All documents relating to the terms and conditions of Plaintiff's employment with Judge and alleged employment with Citi, including but not limited to offer letters, employment agreements, job descriptions, documents relating to compensation or benefits, documents relating to work schedules, hours expected to be worked, hours actually worked, training materials, employee handbooks, employee newsletters, personnel policies or statements, compliance policies or directives, compensation-related documents, and business cards.

7.      All documents relating to Plaintiff's hours of work during Plaintiff's alleged employment with Citi, including but not limited to all time records, time sheets, schedules and calendars.

8.      All documents that evidence or reflect the specific times of day at which Plaintiff started and/or stopped performing work during Plaintiff's alleged employment with Citi,

including the times when Plaintiff allegedly started or stopped performing work duties for an entire day or for any periods of time during the day, including but not limited to time records, schedules, charts, calendars, appointment books, reports, diaries, logs, journals, memoranda, notes, correspondence, e-mails, text messages, telephone records, business expense records, or credit card records.

9.     All documents relating to Plaintiff's job performance during Plaintiff's employment with Judge and alleged employment with Citi, including performance evaluations (whether formal or informal), performance records, performance standards, and all documents relating to all disciplinary actions, reprimands, warnings, promotions, commendations, awards, bonuses and/or changes in position or title or separation from employment.

10.     All documents relating to any communication between Plaintiff and Judge and/or Citi (including but not limited to communications to or from Judge's and/or Citi's current or former officers, directors, employees, agents, or representatives), relating to Plaintiff's employment with Judge and alleged employment with Citi, the subject matter of this Lawsuit (including but not limited to Plaintiff's job responsibilities, hours worked, compensation or benefits), the damages sought in this Lawsuit, the allegations contained in the Complaint, the facts and circumstances underlying the allegations contained in the Complaint and/or Defendant's defenses thereto.

11.     All documents relating to any communication between Plaintiff and any person(s) who is not a current or former officer, director, employee, agent, or representative of Judge or Citi, relating to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the

Complaint, the facts and circumstances underlying the allegations set forth in the Complaint, and/or Defendant's defenses thereto.

12.     All tape recordings (or other formats of video or sound reproduction, either digital or analog) of any conversation or other communications between Plaintiff (or anyone acting or purporting to act on the behalf of Plaintiff) and Judge and/or Citi (including Judge's and/or Citi's current or former officers, directors, employees, agents, or representatives).

13.     All diaries, journals, calendars, logs, daytimers, notes, schedules, or time records that record or evidence Plaintiff's activities during Plaintiff's employment with Judge and alleged employment with Citi.

14.     All documents relating to the number of hours that Plaintiff contends Plaintiff worked on a daily, weekly, monthly, and yearly basis during Plaintiff's employment with Judge and alleged employment with Citi.

15.     All documents relating to Plaintiff's compensation, including but not limited to draws, commissions, wages, bonuses, incentive pay, supplemental pay, paid time off, or any other compensation Plaintiff received or was entitled to receive while employed by Judge and allegedly employed by Citi, including pay stubs, check stubs, earnings statements, commission statements, proofs of deposit, and W-2/1099 forms.

16.     All documents concerning Plaintiff's vacation, sick, personal, leave, or other time Plaintiff did not work during Plaintiff's employment with Judge and alleged employment with Citi, including calendars, schedules, daytimers, credit card receipts, plane tickets, or other evidence showing when Plaintiff was not at work.

17.     All documents concerning any personal activities in which Plaintiff engaged during workdays (including but not limited to personal telephone calls or text messages;

preparing, sending, or receiving personal electronic mail or facsimiles; posting on social media sites; browsing the Internet; eating meals; vacations; personal travel; attending classes or other educational activities; collecting or dropping off children at day-care providers; conducting personal business; attending or participating in school, sports, physical fitness or athletic activities; attending or participating in recreational events, theatrical rehearsals or performances; attending meetings of community organizations or clubs; religious activities; family activities; sporting events; or other activities unrelated to work) between Plaintiff's first and last work activity during Plaintiff's employment with Judge and alleged employment with Citi, including but not limited to notes, e-mails, text messages, phone logs, cellular phone records, Internet postings and social media communications, credit or debit card statements, purchase receipts, bank statements, cancelled checks, mobile or cellular phone records, photographs, videotapes, or expense forms that relate to paying for meals, parking, gasoline, tuition, goods, services, or other expenses.

18.    All documents concerning dates and/or times Plaintiff visited any health care provider—including but not limited to any physician, osteopath, chiropractor, hospital, surgical center, treatment center, psychiatrist, psychologist, therapist, social worker, dentist, orthodontist, or alternative medicine practitioner—for Plaintiff's own health reasons during any workday while Plaintiff was employed by Judge and allegedly employed by Citi.  This request does not require disclosure of any private medical information.  To the extent any such information is included in any record of the date and time of the visits, it may be redacted from the record.

19.    All documents concerning dates and/or times Plaintiff accompanied another person on a visit to any health care provider—including but not limited to any physician, osteopath, chiropractor, hospital, surgical center, treatment center, psychiatrist, psychologist,

therapist, social worker, dentist, orthodontist, or alternative medicine practitioner—during any workday while Plaintiff was employed by Judge and allegedly employed by Citi.  This request does not require disclosure of any private medical information.  To the extent any such information is included in any record of the date and time of the visits, it may be redacted from the record.

20.    All documents relating to Plaintiff's resignation and or termination from employment with Judge and/or Plaintiff's alleged employment with Citi.

21.    All questionnaires, letters, e-mails, notices, website content, pages, and advertisements, and/or other information that you, your attorneys, or anyone acting on your behalf sent or had sent or provided to any employee or former employee of Judge and/or Citi, or posted or published, including but not limited to on Facebook, LinkedIn, any other social media website or any other website, concerning this Lawsuit or the claims alleged therein, as well as any mailing list or database used to distribute such communications, and any documents or evidence of such communications or responses by those employees or former employees.

22.    All statements (sworn or unsworn), affidavits, or declarations that Plaintiff (or anyone acting on Plaintiff's behalf) has gathered or obtained concerning the subject matter of this Lawsuit (including statements of Plaintiff or other employees of Judge or Citi), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint (including, but not limited to, Plaintiff's allegations that Plaintiff was jointly employed by Judge and Citi and/or was not paid for all hours worked).

23.    All documents sent to, or received from, any expert that Plaintiff or Plaintiff's counsel has retained to potentially testify in this case, including expert reports, prepared by, prepared for, or relied upon by any such expert.

24.     All documents concerning any compensation paid or to be paid by Plaintiff or Plaintiff's representative to each and every expert retained to potentially testify in this case.

25.     All documents considered or relied upon by any expert retained by Plaintiff or Plaintiff's counsel to potentially testify in this case in forming any opinion concerning this case.

26.     All documents concerning Plaintiff's attempts to obtain employment (or any form of self-employment, including, but not limited to, any independent contractor or consulting arrangement) since the beginning of Plaintiff's employment with Judge and/or Plaintiff's alleged employment with Citi, including:

        a.      all applications for employment; resumes; curriculum vitae; cover letters; proposals; website postings or submissions, and/or newspaper, journal, or magazine advertisements;

        b.      all communications or correspondence sent to or received from any headhunters, employment agencies, and/or placement agencies concerning any potential employment or work;

        c.      any and all communications or correspondence sent to or received from any potential employers regarding any potential employment or work; and

        d.      any and all interviews, offers for work, or acceptance or rejection of offers for work.

27.     All resumes or curriculum vitae created, drafted, used, or prepared by Plaintiff since the beginning of Plaintiff's employment with Judge and/or Plaintiff's alleged employment with Citi.

28.     All documents where Plaintiff identified Plaintiff's employer during or since Plaintiff's employment by Judge and alleged employment by Citi, including but not limited to

resumes, printouts from professional or social networking websites, and applications for employment, auto, mortgage, or other financing, and membership to any union, group, organization, or association.

29.     All documents reflecting Plaintiff's expected or performed job duties during Plaintiff's employment with Judge and alleged employment with Citi.

30.     All documents concerning any education, classes, instructions, training, designation, certification, or licensing by Plaintiff following Plaintiff's graduation from high school, including applications, course schedules, report cards, degrees, and licenses.

31.     All documents concerning Plaintiff's employment (or any form of self-employment) following Plaintiff's graduation from high school, including documents reflecting the name and address of each employer, and description of job title and responsibilities (including but not limited to resumes, mortgage applications, and cover letters to prospective employers).

32.     All documents or physical evidence given to or received from any governmental agency that relates to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint (including but not limited to Plaintiff's claims that Plaintiff was jointly employed by Judge and Citi and/or was not paid for all hours worked).

33.     All documents concerning any other lawsuit or administrative action (including bankruptcy and divorce actions) brought by, on behalf of, or against Plaintiff relating to the allegations in this action in which Plaintiff participated in any way, including transcripts of any depositions or other testimony by Plaintiff; any declarations, affidavits or other statements by

Plaintiff; and any documents produced by Plaintiff, at any time through the date of any judgment in this case.

34.     All documents that Plaintiff contends may constitute an admission or statement against interest by Defendant.

35.     The retainer agreement, engagement letter, and other documents concerning the fee arrangement between Plaintiff and Plaintiff's attorneys in this case, the amounts Plaintiff has paid to Plaintiff's attorneys, and the amounts Plaintiff owes Plaintiff's attorneys.

36.     All documents concerning Plaintiff's claim that Plaintiff did not meet the requirements of any exemptions from the overtime requirements of the Fair Labor Standards Act while Plaintiff was employed by Judge and allegedly employed by Citi.

37.     All documents obtained from any non-parties, agencies, the public record, or otherwise concerning the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint and circumstances underlying the allegations set forth in the Complaint.

38.     All documents that you intend to introduce into evidence or otherwise rely upon at any deposition, hearing, or trial in this matter.

39.     All documents removed by Plaintiff or anyone else from Judge and/or Citi's premises or possession, custody, or control and/or copies or summaries thereof currently in Plaintiff's possession, custody or control.

40.     All documents relating to Citi's alleged "Professional" pay plan.

41.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 16 of the Complaint, that the Named Plaintiffs were "misclassified as exempt."

42.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 17 of the Complaint, that the Named Plaintiffs "were assigned to work exclusively for Citi, where they reported directly to a Citi manager."

43.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 19 of the Complaint, that "Citi supervised and controlled" Named Plaintiffs.

44.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 20 of the Complaint, that Citi assigned Named Plaintiffs the tasks they performed and determined the hours they worked.

45.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 21 of the Complaint, that Citi required Named Plaintiffs to follow Citi's rules, policies, and directives, including its timekeeping policies.

46.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 22 of the Complaint, that Citi maintained employment records for Named Plaintiffs.

47.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 23 of the Complaint, that Citi had the power to fire Named Plaintiffs.

48.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 24 of the Complaint, that Citi instructed Named Plaintiffs to work more than forty (40) hours per week without receiving any pay for certain hours worked beyond forty (40) and had knowledge of this alleged non-payment.

49.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 26 of the Complaint, that Citi trained Named Plaintiffs to perform their jobs and use the equipment and programs it involved.

50.     If not otherwise produced, all documents relating to Plaintiff's claim, as alleged in paragraph 31 of the Complaint, that Citi "promulgated, controlled and oversaw all scheduling and timekeeping systems and practices applicable" to Named Plaintiffs.

51.     If not otherwise produced, all documents relating to the subject matter of this Lawsuit (including Plaintiff's job duties, compensation, and/or hours of work), the damages sought in this Lawsuit, the allegations contained in the Complaint, the circumstances underlying the allegations set forth in the Complaint, and/or Defendant's defenses thereto.

52.     All copies of any independent contractor, employment, or other agreements that relate to your performance of services for any entity as an employee, independent contractor, or otherwise, from the time period one year prior to your first date of employment with Judge/alleged employment with Citi to the present.

53.     If not otherwise produced, all documents relating to Plaintiff's claims for damages, including any documents describing or reflecting the method used to calculate such claimed relief.

Dated:  November 3, 2015

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*Michael J Puma/ss*

Sam S. Shaulson
101 Park Avenue
New York, New York 10178
Telephone: 212.309.6000
sshaulson@morganlewis.com

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103
Telephone:  215.963.5305
mpuma@morganlewis.com

*Attorneys for Defendant Citigroup Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Citigroup Inc.'s First Set of Requests for Production of Documents to Plaintiff Paulina Korenblum was served via Hand Delivery on November 3, 2015 upon the following:

> Adam T. Klein
> Molly A. Brooks
> Christopher M. McNerney
> OUTTEN & GOLDEN LLP
> 3 Park Avenue, 29th Floor
> New York, NY 10016

> *Attorneys for Plaintiffs*

I hereby certify that a copy of the foregoing Defendant Citigroup Inc.'s First Set of Requests for Production of Documents to Plaintiff Paulina Korenblum was served via U.S. Mail on November 2, 2015 upon the following:

> Ryan F. Stephan
> STEPHAN ZOURAS, LLP
> 205 North Michigan Avenue, Suite 2560
> Chicago, IL 60601

> David J. Cohen
> KOLMAN ELY, P.C.
> 414 Hulmeville Avenue
> Penndel, PA 19047

> *Attorneys for Plaintiffs*

Michael J. Puma